*Held*, That when an amendment is ordered or permitted, and is of such a nature that the record furnishes upon its face all the data for applying it, it may be considered as made, though no verbal changes are made in the pleadings, which are then to be read as if they had been actually amended.

If, however, Dexter A. Ballou had been sued alone upon such a cause of action as is set forth in the declaration, the suit could not be maintained against him. The award is stated in the declaration to have been a joint one, made upon a joint submission. No sole action could be maintained upon such award, and a discontinuance against one defendant, leaving this joint award as the alleged cause of action, would be as fatal to the case as a discontinuance against both. There is nothing in the record from which any one can legally infer in what way the declaration should be amended, and this being so, the amendment cannot be inferred. Until made, the suit appears of record as a joint suit incapable of severance, and the discontinuance not being followed up by any amendment in fact, practically ended the case and rendered any judgment erroneous. The judgment cannot be upheld upon the declaration.

Judgment below reversed with costs of both courts.

---

### FREDERICK SPICER vs. JARED A. SMITH.

Where suit is brought by the endorsee of a note which had been endorsed by an agent of the payee, in behalf of the payee, it is incumbent on the plaintiff to prove the authority of the agent, the endorsement and the ownership of the note.

Error to Eaton Circuit.

*Opinion by* GRAVES, J.—This was assumpsit, in which Smith declared against Spicer on the common counts, and set forth the copy of a note which was to be given in evidence. The following is a copy of the note:

"Post-office address, Eaton Rapids, county of Eaton, State of Michigan, Town of Hamlin, May 12, 1869.
$150.

SPICER *vs.* SMITH.

"Five months after date I promise to pay to the order of Perkins & Chilson, one hundred and fifty dollars for value received with use.

(Stamp.)                    Signed, FREDERICK SPICER."

On the back of the note was the following endorsement: " Pay to the order of Jared A. Smith. Perkins & Chilson, by H. H. Blair, agent."

The general issue having been pleaded, the parties proceeded to trial before a jury, when Smith gave evidence tending to show that the note was purchased before its maturity by him through his agent, for value, in the belief that there was no defence to it, and without notice of any objection to its validity. No affidavit having been made denying the execution of the note, it was then offered in evidence, when Spicer's counsel opposed its admission on the ground, first, that the endorsement by the payees had not been proved, and, second, because the authority of the agent by whom the endorsement purported to have been made had not been shown. The Court overruled the objection and admitted the note.

It was claimed for defendant in error that no proof of the endorsement was required, because neither the execution of such endorsement or the authority of Blair had been denied upon plea or upon oath, and reference was made to sections 3,714 and 3,767 *Compiled Laws*, and also to Rule 79 of the Circuit Court.

*Held*, That the statutes cited have no application to cases originating in the Circuit Court, and if they had, they would furnish no support to the position taken. In this case the endorsee was not a party, nor was the endorsement as a ground of liability in any way involved. If the plaintiff had set forth his cause of action specially, he must have alleged the making of the note and its transfer to himself and must have proved each in the absence of any rule excusing it. By allowing the note to be given in evidence under the money counts the statute has not made the proof of these facts unnecessary. The rule, however, has provided that as against the alleged maker in a suit by the endorsee, payee or holder, the plaintiff shall not be put to proof of the execution of the instrument unless it is denied on oath, but the necessity for proving the title of the plaintiff through an alleged endorsement is neither removed or lessened. In this case the defendant did not deny the making of the note. But the plaintiff's title was likewise in issue and, as the rule had no relation to

that, it was incumbent on the plaintiff to prove it. In this case it was incumbent upon the plaintiff to prove that the endorsement was made by Blair and that he had authority, and the admission of the note without evidence of plaintiff's title was error. Judgment reversed with costs, and a new trial ordered.

FRACTIONAL SCHOOL DISTRICT No. 4 OF MACOMB AND CHESTERFIELD *vs.* CHARLES A. MALLORY.

Order of School Directors upon Treasurer held void, not having been drawn upon Assessor and countersigned by Moderator.

Error to Macomb Circuit.

*Opinion by* CHRISTIANCY J.—Mallory brought assumpsit in a Justice's Court against the district on the following order : .

" Treasurer of the Township of Macomb, County of Macomb :

. On the first day of February, 1866, pay Adams, Blackman & Lyon, or bearer, the sum of thirty-three dollars out of the expense fund belonging to District No. 4, fractional townships of Macomb and Chesterfield, for teacher's daily register, school district record, and other school blanks purchased by the undersigned for the use of said district, with use at ten per cent. from date until paid.

WILLIAM GAMBER, Director.

Countersigned,

LANCEY WESTON, Moderator."

The funds in the hands of the Township Treasurer, upon which the order was drawn, were raised by tax for the district and collected by the Treasurer. The defendant on the trial before the Justice, objected to the reception of the order, but the objection was overruled and the plaintiff recovered judgment for the amount of the order, with interest and costs. The judgment was removed to the Circuit and affirmed. Thence it was taken to the Supreme Court.

*Held,* That the order was void upon its face. The Director had no power to draw any order on the township Treasurer for any money of the district in his hands payable to any one but the district As-