Graves, J.:
Defendants in error sued Hinkley before a justice, on his subscription to pay two hundred dollars to the Detroit, Hills-dale and Indiana Railroad Company, and which defendants in error claimed had been assigned to them by the company. The *482 subscription agreement, which was signed by a number of citizens besides Hinkley, was in these terms:
*“We, the undersigned citizens of the township of Somerset, in the county of Hillsdale, do hereby promise and agree that we will pay to the Detroit, Hillsdale and Indiana Railroad Company the amount set opposite our respective names, payable one, two, and three years, interest to be paid on the same; provided, however, that the said railroad company shall locate and build a depot on section ten of the said township of Somerset, between the line where the said railroad crosses the Chicago turnpike and Goose creek, on said section ten. Dated Somerset, January 30th, 1871.”
Defendants in error set out the subscription agreement in their declaration and alleged that the claim had been duly assigned to them by the company, and on filing the declaration, they filed the subscription paper, together with what purported to be an assignment in writing on the back, from the company to the defendants in errror. This writing was as follows: “For value received we’hereby assign, transfer and set over to William Mercer and John S. B. Weather wax, all our right, title, and interest in and to the within subscription or agreement, with full authority to collect the same. Dated February 14th, 1872. (Signed) The Detroit, Hillsdale and Indiana Railroad Company, by Edwin F. IThl, Attorney in fact.”
On trial under the general issue, this subscription paper, with this endorsement, was admitted in evidence against objection that the proof was incompetent. Subsequently Mr. Weather-wax testified that the defendants in error owned the subscription, but he also said in the same connection, that such ownership was derived from the company through Mr. IThl, their attorney.
This statement was no more than the inference of the witness of the effect of the writing on the back of the subscription, and added nothing to the proof of ownership afforded by that writing.
The whole evidence is set out, and it appears that none was given to prove TJhl’s signature, or that he was the ^company’s attorney in fact, or had any power or right *483 to transfer the subscription. Plaintiff in error gave no evidence, and judgment was entered against him. He removed the cause to the circuit court by certiorari, where there was an affirmance. He then brought error. Several errors were alleged in the affidavit for certiorari, and amongst them, that there was no evidence of transfer of the subscription by the company to defendants in error. This was based on the want of proof of Uhl's agency and signature. There can be no question but that it was indispensable to establish Uhl’s power to assign, and that the supposed instrument of assignment was his act, unless there was a waiver of such showing. This was required to make out title in defendants in error.
They claim, in the first place, that the objection to the admission of the papers was not sufficiently specific to raise the question. This assumes the charge of error to be founded on exception to the admission of evidence. But it is not. It proceeds on the ground that there was no evidence at all on a point essential to the plaintiffs’ case, and on that ground it is well made, unless the claim of waiver, to be next noticed, is well based.
In the second place it is urged, that as the subscription and the supposed assignment were filed with the justice, evidence of execution of both instruments was waived, inasmuch as there was no denial on oath; and this it is said is the effect of the statute, G. L., § 5868. As applicable to the contract of subscription, the proposition is true. But it does not hold as to the supposed assignment.
The statute applies to written instruments purporting to be executed by one of the parties to the suit, and not to such as purport to be made, and are claimed to have been made, by third parties.
This writing, which is claimed to have been an assignment of the subscription, purports to have been made by the company through one assuming to be their authorized agent, and not by either of the parties. The case is ^governed by Spicer v. Smith, 23 Mich., 96. There was no waiver, and the defect was fatal.
It is unnecessary to examine the other points. Both judg *484 merits must be reversed, and plaintiff in error will recover Ms costs of all the courts.
The other justices concurred.