Thomson, J.,
delivered the opinion of the court.
The defendant, Sallie M. Johnson, entered into contracts with several persons to perform labor and furnish materials in the construction of a building upon premises belonging to her. There was a separate verbal contract with each of such persons. These persons having, as it is claimed, complied with the terms of their contracts, and the amounts due them being unpaid, for the purpose of acquiring liens upon the property for moneys due, severally prepared and filed their lien statements as provided by law. The plaintiff, Flavins N. Davis, being one of the contractors, procured from the others assignments of their claims to himself, and brought this action for the enforcement of the several liens so acquired, and for judgment against Mrs. Johnson for the aggregate sum due. It was alleged that two deeds of trust had been given prior to the taking effect of the mechanics’ liens, to secure certain debts owing by Mrs. Johnson; one conveying the property to the defendant Ghost, and the other to the defendant Hanna ; and that the debts secured by these trust deeds had been fully paid, but that the deeds were unsatisfied upon the record. A decree for their cancellation was prayed. The defendant Johnson answered denying the contracts as set forth, and Ghost and Hanna severally denied the payment of the debts which their trust deeds secured. At tire conclusion of the trial, the plaintiff, against the objection of defendant Johnson, obtained leave to amend his complaint so as to conform to the proofs. It was then adjudged that the prior incumbrances had not been paid, and, subject to these, a foreclosure of the liens was decreed, and judgment entered against the defendant Johnson *547 for the gross amount of the claims. The plaintiff assigns error upon the decree, and the defendant Johnson, cross error upon the judgment.
The debt secured by the deed to Ghost was evidenced by a note for $1,680, and that which Hanna’s deed secured, by a note for $700. The evidence for the plaintiff tended to prove that these notes had been paid by Mrs. Johnson, while that for the defendants was equally strong that the notes had not been paid, but that they had been purchased from the holder by Mrs. McCormick, who still held them as their owner. The judgment of the trial court upon this disputed question of fact is final; the evidence was ample to support it, and it is absolutely conclusive upon us.
The notes were transferred to the purchaser by delivery only, and it is contended that under our statute they could not be transferred in that manner, so as to pass title to the purchaser. It was the question of payment which was in issue, and how a sale followed by an insufficient transfer could tend to support the allegation of payment, we confess our inability to see. But it is not true that such transfer of a note does not invest the purchaser with title. At common law he took the equitable title, and at law could sue only in the name of the last holder of the legal title; but this distinction' has been abrogated by the requirement of the code that actions shall be prosecuted in the name of the real parties in interest; so that, subject to defenses in favor of the maker, existing at the time of notice of the transfer, such purchaser now takes a complete title to the note. Evidence of admissions of payment by Mrs. Johnson was, as is claimed, erroneously excluded. Mrs. McCormick could not be bound by Mrs. Johnson’s admissions. If she purchased and owned the notes, her title could not be destroyed by anything Mrs. Johnson might have said in her absence. The decree adjudging the trust deeds to he existing and prior incumbrances, to which the mechanic’s lien should he subjected and postponed, must stand.
A reversal of the judgment against Mrs. Johnson is sought *548 on the ground that some of the causes of action stated in the amended complaint were different from those set forth in the original. The legal proposition submitted by counsel is correct. It is not permitted to a plaintiff, under the guise of an amendment, to substitute for the original cause of action a new and different one. The question is, was that done in this case? In both complaints the several causes of action, arising upon the different liens, and the contracts upon which they were based, were separately stated. Some of these causes were stated in exactly the same language in both complaints, but in the statement of others the amended complaint varied from the original. For example, in stating the contract between the plaintiff and Mrs. Johnson, it is alleged in the first cause of action of the original complaint that on the 1st day of November, 1891, they entered into an agreement whereby the plaintiff was to furnish materials and perform labor, at stipulated prices, in the construction of the second story of a building upon Mrs. Johnson’s premises ; and also to furnish materials, and perform labor, at stipulated prices, in making repairs and improvements upon the same premises, for all of which she promised to pay him $916. In the first amendment to the complaint it was alleged that on the 1st day of November, 1891, the plaintiff and Mrs. Johnson entered into an agreement whereby he agreed to furnish materials and perform labor in the construction of the second story of a building upon her premises, and that for a certain portion of such materials and labor, namely, the raising of the brick walls to a certain height, she agreed to pay him $750, and to pay him for the other materials furnished, and work done, their full value, which value was $166.75. The fifth cause of action, as originally stated, was that on November 1, 1891, John H. Davis, one of the plaintiff’s assignors, and Mrs. Johnson, entered into an agreement whereby he agreed to perform work upon a certain building situated on her premises, for which she agreed to pay him $57.50. The statement in the corresponding amendment is that on November 1, 1891, John H. Davis and Mrs. *549 Johnson entered into a contract whereby he agreed to perform work upon a certain building situated on her premises, for which she agreed to pay him $2.50 per day for each day he so worked, and that he worked twenty-three days. These two examples are sufficient for our purpose, as the other variances complained of are of the same character.
The action was for the enforcement of the liens, as well as to recover judgment against Mrs. Johnson. The facts constituting the liens, as set forth in both complaints, are identical throughout. The details of the contracts upon which the liens were based were differently stated; and although there may be said to be a variance in their terms, it is a variance resulting from a correction by the amended complaint of inaccuracies in the original, and not from a statement of something distinct and new. There were set forth in both complaints the same agreements, made at the same times, to pay for the same materials furnished, and the same work performed; the only difference being in the statement of the manner in which the amounts to be paid should be determined. In one ease the gross amounts were specified, and in the other, they were partly specified, and partly left for ascertainment afterwards; but, the contracts, by virtue of which the moneys were payable, were the same, the same liens were sought to be enforced, and the causes of action were therefore the same. The case to which counsel have cited us, U. P. Ry. CVo. v. Sternberg, 18 Colo. 141, is not in point. That suit was to recover the value of a heifer killed by defendant’s train. On the day of the trial the plaintiff was allowed to amend by adding a claim of $50.00 for the burning over of grass land. The allowance of the amendment was held erroneous, and necessarily so, because it introduced a cause of action into the case which was not there before. Similar cases are abundant, but they are without likeness or analogy to the one at bar. It is not difficult to distinguish a cause of action, distinct, complete in itself, and entirely new, from a variance in the statement of the same cause of action. The purpose of the statute authorizing such amend *550 ments, was to enable the pleader to vary his statement to fit his proofs, confining himself to the cause of action first set forth; and the plaintiff’s amendments were clearly within the rule.
It is also urged upon us that two separate causes of action were combined in the first amendment to the complaint; namely, one for $750, and one for $166.75. If this were true, the objection, being made here for the first time, comes too late. But 'the amendment set forth but one cause of action. The lien, the enforcement of which it prayed, was a single lien, and the contract it described was an entire contract, which could not be split. The contract was to pay a sum agreed upon for a portion of the work, and, for the balance, such sum as might be determined to be its value ; but the work ivas to be performed, and the payments made in pursuance of one and the same contract.
It is further objected that the amendment was permitted without cause shown. It is recited in defendant Johnson’s bill of exceptions that after the conclusion of the testimony', and after argument by counsel, the court, without any cause shown, granted leave to the plaintiff to amend his complaint so as to conform with the proof adduced at the trial, with leave to the defendants to answer should a new cause of action be stated in the amendment. In support of this objection counsel rely upon section 78 of the Civil Code. That section provides that the court shall in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and that no judgment shall be reversed or affected by reason of such error or defect; and that, if, upon the trial of an action before the court or jury, the evidence shall vary from the allegations of the pleadings, and either party is surprised thereby, he shall be allowed, on motion, and showing cause therefor, and on such terms as the court maj'' prescribe, to amend his pleadings to conform to the proofs. Technically, in such a case, cause should be shown; but in this instance it was not required by the court. The amend *551 ment was not resisted on the ground that cause was not shown, and the court perhaps deemed the cause sufficiently apparent without a formal showing. The granting of leave to amend is within the sound discretion of the court, which should be exercised liberally in the interests of justice, and, unless, .in consequence of its exercise, some disadvantage has resulted to the adverse party, the decision is no ground for a reversal. Tribune Pub. Co. v. Hamill, 2 Colo. App. 237; Higgins v. The People; 2 Colo. App. 567; Horn v. Reitler, 15 Colo. 317.
This defendant does not even suggest that she was prejudiced by the ruling; and, so far as the record discloses, the evidence to which the amended complaint was designed to conform, was received with her entire acquiescence. It does not appear that any objection whatever was made to its introduction, and by failing to object she admitted that it was proper, and properly received, so that the judgment could not have been challenged on the ground of the improper admission of evidence if no amendment had been made; and no conceivable injury could result to her from the fact of the amendment having been subsequently permitted. No reason appears for the reversal of the judgment. The decree and judgment are affirmed.

Affirmed.