[No. 4362.]

## GUMAER ET AL. v. SOWERS.

**1. Bills and Notes—Pleading—Evidence—Indorsement.**

In an action upon a promissory note by an indorsee against the maker a denial of the indorsement by an unverified answer puts in issue the transfer of the note and plaintiff must prove the transfer.

**2. Bills and Notes—Indorsement—Evidence.**

In an action upon a promissory note by an indorsee, possession and production of the note at the trial by plaintiff with an indorsement thereon of the name of the payee, is prima facie evidence of title in plaintiff.

**3. Bills and Notes—Payable to Order—Transferable by Delivery.**

A promissory note payable to order may be transferred by delivery without indorsement so as to vest in the purchaser a complete title, subject to defenses in favor of the maker existing at the time of notice of the transfer, and the purchaser may maintain an action thereon in his own name.

*Appeal from the District Court of Fremont County.*

Mr. JAMES T. LOCKE, for appellants.

Messrs. WALDO & DAWSON, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by an endorsee against the makers of promissory notes. Three causes of action upon three notes were united in the complaint. Judgment was in plaintiff's favor for over four thousand dollars. Defendants appeal and assign only one error.

The only evidence offered at the trial consisted in the production by plaintiff of the promissory notes, upon the back of each of which was what purported to be a written transfer by the payee to the plaintiff. No objection was made to the introduction of these notes, and the defendants offered no evidence. When plaintiff rested, defendants moved for a dismissal of the action because there was no evidence of an assignment by the payee to plaintiff.

The sole question argued, and the only question, therefore, for consideration is: Was there any proof in this case of a transfer of the notes? Section 62 of the Civil Code provides, among other things, that when an action is brought upon a written instrument and the complaint contains a copy of it, its genuineness and due execution are admitted unless the answer denying the same is verified. Copies of these notes were set out in the complaint, and neither the complaint nor the answer was verified. It is virtually conceded, however, that this section does not apply to an action by an endorsee against the maker of a note. Whether it would apply where an endorsee sues an endorser, is not an issue here.

The authorities seem to be in accord with the concession of the parties.—14 Enc. Pl. & Pr. 665-6; *Mahe v. Reynolds*, 38 Cala. 561; *Spicer v. Smith*, 23 Mich. 96; *Hinkley v. Weatherwax*, 35 Mich. 510. We, therefore, may assume, for our present purpose, that the unverified answer put in issue the allegation in the complaint of the transfer of the note by the payee to the plaintiff, and that one who claims by endorsement

must prove it, if the endorsement is denied. 4 Am. & Eng. Enc. Law (2d ed.), 345. As was said in *Mc-Craw v. Welch,* 2 Colo. 284, 290, ''A settled rule of practice requires that objections to the admission of testimony which may be obviated by the production of further testimony, shall be distinctly presented at the time the objectionable testimony is offered.'' When these notes with the purported endorsements upon them were offered no objection was made that there was no evidence of a transfer. It was only after the case was closed that this point was made, and because of this alleged unseasonable objection appellee insists that appellants cannot now be heard. But we are not obliged to base the decision on that ground.

It seems to be the rule that some proof of transfer is necessary in cases of this sort. The notes were admitted without any specific evidence of the signature of the payee. It is a well established rule, however, that possession and production of a promissory note by the plaintiff at the time of the trial is sufficient *prima facie* proof of his title thereto (*Palmer v. Gardiner,* 77 Ills. 143-146; *Morris v. Preston,* 93 Ills. 215); so it has been frequently held that possession of a note payable to bearer is *prima facie* evidence of title in any holder.—2 Daniel on Negotiable Instruments (4th ed.), § 1191. In section 1192b of the same work it is said that production of a note endorsed by the payee makes a *primà facie* case for the plaintiff. See, also, *Hays v. Hathorne,* 74 N. Y. 486. At section 1200 is the statement that possession of a note is *prima facie* evidence that the same was endorsed by the person by whom it purports to be endorsed, and to this are cited *Bank v. Mallan,* 37 Minn. 404; *Tarbox v. Gorman,* 31 Minn. 62; *First Nat. Bank v. Loyhed,* 28 Minn. 396. But these cases were based on a statute so providing.

We are of opinion, however, that in this juris-
diction, under previous decisions of this court and the
court of appeals, the production of a note by plaintiff
at the trial with an endorsement thereon by one whose
name is identical with that of the payee, and pur-
porting to be the endorsement of the payee, is *prima
facie* evidence of title in the holder. 15 Am. & Eng.
Enc. Law (2d ed.), 920. In *Wyman v. Bank,* 5 Colo.
30, 33, it was ruled that possession of a promissory
note by one who holds as endorsee imports *prima
facie* that the holder is the owner thereof, and that
when such possession is once shown, the burden of
proof is on the one seeking to impeach any of the
elements of validity, or rights of the holder, which
such possession implies. To this is cited 1 Daniel on
Negotiable Instruments (4th ed.), § 812. If such was
not the law, still, under the doctrine of *Davis v. John-
son,* 4 Colo. App. 545, the judgment in this case was
right. For it was there held that under our law, and
code of procedure, a note payable to order may be
transferred by delivery only, and without endorse-
ment, so as to vest in the purchaser a complete title,
subject, of course, to defenses in favor of the maker
existing at the time of notice of the transfer. It is
also held that such purchaser can sue in his own
name. This case meets with our approval.

As these notes, with what purported to be an en-
dorsement upon them by the payee, were delivered to
the plaintiff, he might have altogether disregarded
the endorsements, or written transfers, and relied on
delivery and possession alone. He was entitled to
the judgment which the court gave him for it appears
that he had possession of the notes and produced
them at the trial, and thereby established *prima facie*
his title thereto. Defendants not having, or estab-
lishing, any defense to the notes at the time they re-
ceived notice of the alleged transfer, or at any other

time, plaintiff's title was sufficiently established be-
low.  The judgment is, therefore, affirmed.

*Affirmed.*