[No. 7439.]

BANK OF BROMFIELD V. McKINLEY ET AL.

1. PROMISSORY NOTE—*Transfer by Delivery—Effect*—A promissory note payable to the order of a person named may be effectually transferred by mere delivery. The assignee takes the legal title, and may sue in his own name. But he takes subject to defenses in favor of the maker, existing at the time of notice of the transfer.

2. ACTIONS—*Defenses—Real Party in Interest*—The maker of a promissory note may, in an action thereon by the payee, plead that another is the real owner thereof, and that the action is prosecuted for his benefit, and set up an indebtedness due and owing by such party in interest to defendant.

3. APPEALS AND WRITS OF ERROR—*Verdict on Conflicting Evidence,* will not be disturbed where sufficient competent evidence appears in the record.

*Error to Denver District Court.*—Hon. GEO. W. ALLEN, Judge.

Mr. CHAS. P. CRAFT and Mr. S. S. ABBOTT, for plaintiff in error.

Mr. FRANK McDONOUGH, SR., and Mr. FRANK McDONOUGH, JR., for defendants in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The abstract in this case is very deficient in many particulars, and especially in that it omits a large part of the testimony that was material on behalf of the defendants. Under the issues presented the correctness of the judgment here for review depends upon the sufficiency of the evidence to sup  .

port it. Because of the condition of the abstract, it would be necessary to affirm the judgment, without any further discussion, were it not for the fact that the defendants in error have, by a supplemental abstract, supplied some testimony that upon the whole record must be regarded as very material to the issues, and makes it necessary to affirm the judgment upon the merits.

One Glover and E. S. McKinley, one of the defendants, entered into a contract relative to the location and filing upon government lands in Routt county. Upon the performance of the contract, on the part of McKinley, Glover became indebted to him in the sum of more than $1,100.00. When demand was made upon Glover for this money he asked to be given until the happening of a certain event, which was agreed to. Glover was president of the plaintiff bank. The happening of the event when the payment was to be made was delayed for some reason. It was then arranged that Glover would loan the defendants a thousand dollars through Glover's bank. The money was loaned to the McKinleys and they gave their note therefor. Upon the happening of the event, when Glover was to pay the McKinleys' he put it off still longer until the happening of another event. After that event had happened, Glover put off McKinley again, and requested him to call upon certain parties. After these parties were seen, Mr. Glover was again called upon to pay the money and he refused to do so. The note given to the bank, not being paid, an action was commenced for its collection. To the complaint in this action various defenses were made—one being that the bank had assigned the note to Glover, and that he was the legal owner and holder thereof and the real party in interest, and that he owed the defendant, E. S. McKinley, the sum of $1,120.00 for procuring the filings on the land. On behalf of the bank, the evidence is to the effect that the bank was the owner and holder of the note, and never assigned it to Glover. It was never endorsed. Glover himself did not come from his home in Nebraska to the trial, but sent his son, who was an official

of the bank. There was also evidence to show that the bank had delivered the note to Glover, and that it was his unless the want of an endorsement prevented the passing of the title to him, and there is evidence to show that Glover notified the defendants of the assignemnt of the note while it was in his hands.

Upon the whole record, from direct evidence adduced and from various evidentiary circumstances surrounding the whole transaction, the court could draw the conclusion that Glover was the real party in interest and the real owner of the note and that he was merely using his bank in an effort to defeat the defendants of their claim for the money which they alleged was due from him. This being so, we are unable to say that the court was wrong, or that the judgment is not supported by the evidence, unless it is held that an endorsement of the note was absolutely necessary to vest title in the defendant Glover. The case of *Davis v. Johnson,* 4 Colo. App. 545, is exactly applicable to this case. The ownership of the notes was in dispute in that case and the court said:

"The judgment of the trial court upon this disputed question of fact is final; the evidence was ample to support it, and it is absolutely conclusive upon us.

The notes were transferred to the purchaser by delivery only, and it is contended that under our statute they could not be transferred in that manner, so as to pass title to the purchaser. It was the question of payment which was in issue, and how a sale followed by an insufficient transfer could tend to support the allegation of payment, we confess our inability to see. But it is not true that such transfer of a note does not invest the purchaser with a title. At common law he took the equitable title, and at law could sue only in the name of the last holder of the legal title; but this distinction has been abrogated by the requirement of the code that actions shall be prosecuted in the name of the real parties in interest; so that, subject to defenses in favor of the maker, existing at

the time of notice of the transfer, such purchaser now takes a complete title to the note."

And this court, in *Gumaer v. Sowers,* 31 Colo. 164, speaking with reference to the case of *Davis. v. Johnson, supra,* on page 167, said:

"For it was there held under our law, and code of procedure, a note payable to order may be transferred by delivery only, and without endorsement, so as to vest in the purchaser a complete title, subject, of course, to defenses in favor of the maker existing at the time of notice of the transfer. It is also held that such purchaser can sue in his own name. This case meets with our approval."

As there was evidence enough to support the findings of the court that the note belonged to Glover and not to the bank, certainly the bank could not maintain the action under the circumstances. The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY and Mr. JUSTICE GARRIGUES concur.