[No. 8050.]

## LANE v. LANE.

1. NEGOTIABLE INSTRUMENTS—*Assignment by Delivery*. Under Rev. Stat. § 4512 the owner of a negotiable instrument may pass such title as he has, by mere delivery for value, without endorsement..

And, generally speaking, independent of statute, where the right of no creditor is involved, delivery for value or by way of gift has the same effect. (421)

2. EVIDENCE—*Competency*. Action by the heir to recover from the widow and administratrix of a decedent one half the value of certain

promissory notes. The widow alleged a parol gift to her by the husband. Certain mortgages whereon was written an assignment to the wife, subscribed by the husband in his lifetime, were held admissible for the purpose of identifying the notes. (422)

In the same case *held* that under subdivision 7 of § 7267 Rev. Stat. as amended by c. 229 of Laws of 1911, the testimony of the widow in the County Court, when cited and examined under Rev. Stat. § 7253 was admissible in her behalf. (422)

*Error to Fremont District Court.*—Hon. CHARLES A. WILKIN, Judge.

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. D. W. ROSS, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The plaintiff in error, daughter of H. W. Lane, deceased, brought an action in the District Court against the defendant in error, who is the widow of Mr. Lane and the administratrix of his estate.

It was alleged in the complaint that the widow had failed and refused to inventory certain promissory notes, and that her action in that behalf was an effort on her part to convert the same to her own use. It was also alleged that the notes belonged to the estate; that there was no unsettled debts against it and that the plaintiff was entitled to a half interest in the notes as an heir of the deceased. The prayer was that the defendant be required to turn over to plaintiff one half in value of the notes, and if she failed to do so, that plaintiff have a money judgment against the defendant for the one half.

Several defenses were set up in the answer, among which was one denying that H. W. Lane was the owner of the notes at the time of his death, and another that he had assigned and transferred the notes for a valuable consideration to the defendant before his death. The court found that Mr. Lane did not own the notes at the

time of his death.  It appears from the record that the defendant, as administratrix, had been cited to appear before the County Court in which the estate was in process of administration, and had appeared and submitted to an examination touching the notes in controversy under Sec. 7253 Rev. St., '08.

It does not appear from the abstract what the result of the matter was in the County Court.  The jurisdiction of the District Court, or the right of the plaintiff to bring the action there, is not raised, and for that reason is not determined.  It is conceded that there was no written assignment of the notes, nor assignment thereof by endorsement, but there was evidence to show that the notes were payable to Mr. Lane and were transferred by him by parol assignment and actual delivery to the defendant about two days before his death.  This evidence was not contradicted in any way, and it was ample to sustain the finding of the court that the notes were not owned by Mr. Lane at his death.  It is provided in sec. 4512 Rev. Stat., that where the holder of such an instrument transfers it for value without endorsement, the transfer vests in the transferee such title as the transferer had.  Independent of the statute, it may be said generally when no right of a creditor is involved, that an instrument like a note may be transferred as a donation or for value by delivery without endorsement so as to vest in the transferee such title, at least, as the transferer had.  *Conner v. Root,* 11 Colo. 183, 17 Pac. 773; *Gumaer v. Sowers,* 31 Colo. 164, 71 Pac. 1103; *Bromfield Bank v. McKinley,* 53 Colo. 279, 125 Pac. 493; *Davis v. Johnson,* 4 Colo. App. 545, 36 Pac. 887.

It appears from the uncontradicted evidence of one witness that he was called in to see Mr. Lane two days before the latter's death.  Mr. Lane was very sick and in bed.  Four envelopes, each containing all the papers pertaining to one of four loans made by Mr. Lane, such as the note and mortgage securing it, were given to the witness and he was informed that the sick man wished to

transfer them to his wife. The witness, for the purpose of making the transfer, wrote on each mortgage an assignment thereof to the wife and Mr. Lane signed this written assignment on each mortgage. This was done to carry out the intent of the sick man to transfer all of the papers to the wife. The assignments were put in evidence. It is claimed that this was error because, as it is said, an assignment of a mortgage does not carry with it the note. This witness gave sufficient testimony to show a parol transfer of the notes and delivery thereof. He was not certain that the particular notes mentioned in the complaint, and which were also at the trial, were the notes that he saw on the day the transfer was made and which were mentioned in the mortgages, but the notes mentioned in the complaint, which were the notes shown the witness, were such notes as were described in the mortgages.

The mortgages, on which were written the assignments, were admissible for the purpose of identifying the notes mentioned in the complaint as the notes that were transferred by the deceased, if for no other purpose. Besides this, the witness testified that Mr. Lane desired to transfer all the papers, notes, mortgages, abstracts and insurance policies to his wife, and the witness wrote the assignments on the mortgages in order, as he said, to carry out that desire, believing that the expressed intent of the sick man would be thus accomplished. The trial was to the court.

Under all these circumstances, there was no error in admitting the mortgages with the assignments thereon. The testimony of the widow in the County Court, when she was cited and examined under sec. 7253 Rev. Stat., written out by the stenographer, was admitted in evidence. It is strenuously urged that this was error. This testimony seems to be of the kind that is expressly made admissible by the seventh subdivision of an act amending sec. 7267 Rev. Stat., '08, found on page 678 Sess. Laws, 1911. Some objection is made in the brief that this testimony was not sufficiently identified by the stenog-

rapher. That specific objection was not raised at the trial. Besides, had this testimony been excluded, or if it is now disregarded, it would be found of necessity from the evidence of the other witness mentioned above, and which was uncontradicted, that the notes were transferred to Mrs. Lane by delivery before the death of her husband. As we are unable to find any prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.