491 P.2d 64 (1971)
DENVER-METRO COLLECTIONS, INC., Plaintiff-Appellee,
v.
Hans H. KLEEMAN, Defendant-Appellant.
No. 70-436.
Colorado Court of Appeals, Div. I.
November 16, 1971.
*65 Eugene Pepper, Earl S. Wylder, Denver, for plaintiff-appellee.
Sobol & Sobol, Bernard Sobol, Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
This appeal concerns a judgment entered on two promissory notes for $15,000 and $5,000, respectively. Both notes were executed by the defendant in favor of "Kirk Hayes and/or Kathryn G. Hayes," and made payable on demand. The complaint filed by the plaintiff, Denver-Metro Collections, Inc., claimed that both notes had been endorsed and assigned to plaintiff by the payees, and that the defendant refused to pay them. The defendant answered, generally denying all liability on the notes.
Trial was to the court. During the course of trial, one payee appeared and by his testimony identified the notes and the defendant's signature on them. He further testified that he had assigned the notes to Denver-Metro Collections, Inc., but that he had never actually endorsed them. The notes were introduced into evidence. No evidence was presented by the defendant.
The trial court found that the defendant had executed the notes in favor of the named payees, and that demand for payment had been made but retused by detendant. The court further found that the notes had been transferred to the plaintiff by one of the original payees of the notes. Furthermore, the court held the complaint need not be amended to conform to the evidence as the trial was to the court.
At the outset, it should be noted that this action arose before passage of the Uniform Commercial Code, and therefore is controlled by the Negotiable Instruments Law, C.R.S.1963, 95-1-1 et seq. Essentially, there are two issues presented for review.
The first issue concerns the right of plaintiff to bring this action since it was not the designated payee and the notes had not been endorsed to plaintiff.
The first question is whether or not an endorsement by the payee is a prerequisite to recovery by the assignee of the note. It is not. Plaintiff had the right to bring this action on the notes even though the notes were not endorsed to it. C.R.S.1963, 95-1-49, specifically states that:
"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor if omitted by mistake, accident or fraud. * * *"
Thus, if the transferor had a valid claim to the notes, the transferee would assume the same rights even though no formal endorsement by the transferor had taken place. In Lane v. Lane, 57 Colo. 419, 140 P. 804, our supreme court, interpreting Revised Statutes 1908, Sec. 4512, a predecessor to C.R.S.1963, 95-1-49, held:
"It is provided in section 4512, Rev. St., that, where the holder of such an instrument transfers it for value without endorsement, the transfer vests in the transferee such title as the transferrer had. Independent of the statute, it may be said, generally, when no right of a creditor is involved that an instrument like a note may be transferred as a donation *66 or for value by delivery without endorsement so as to vest in the transferee such title, at least, as the transferrer had."
Defendant also asserts that because plaintiff's complaint stated the payees had endorsed the note to it, but failed to prove this endorsement at trial, it should be denied recovery. The trial court, in its findings, stated that the complaint would be considered as amended to conform to the evidence. Therefore, it was unnecessary to prove formal endorsement by the payee; assignment was sufficient.
Defendant also asserts that the evidence fails to disclose a valid assignment of the notes to plaintiff by the payees. In the first instance, defendant claims that possession of the notes by the assignee or transferee is a necessary prerequisite for recovery, and alleges that the evidence showed the plaintiff did not have possession of the notes before trial because the payees had retained these notes in California and the payee who testified brought them to Denver when he came to testify.
According to Lane, supra, a transferee of a note may bring an action on the note even though unendorsed, provided the note is delivered and he proves assignment of the note. Here, delivery and possession of the notes did not occur until time of trial. At that time, the plaintiff did have actual possession of the notes, for it presented them as evidence to the court. The question, however, is whether plaintiff can maintain its suit when the notes were not delivered until the date of trial. It would be elevating form over substance to require a new trial merely because the payee failed to deliver the notes before trial, where he had assigned them to plaintiff before that date. Payee testified as to the assignment to plaintiff. Plaintiff produced the notes at trial and entered them into evidence. Defendant does not urge that because plaintiff did not have physical possession before trial that he, the defendant, was prevented in any manner from presenting a complete and adequate defense to his liability on the notes. It would be a meaningless gesture to require a new trial in order to prove possession, which is now an accomplished fact.
Defendant further asserts that there was no evidence of an assignment to plaintiff by the payees. This asserted error is unsupported by the transcript. The payee, Curt Hayes, (the apparent real name of the payee), specifically testified that he had made an oral assignment to Denver-Metro Collections, Inc., in California. No evidence was offered to contradict this testimony, which testimony is sufficient to support the trial court's finding that an assignment had been made to plaintiff.
The final assertion raised by defendant is that the evidence failed to show a valid assignment, because only one payee testified as to the assignment. As noted, the payees of both notes were listed as "Kirk Hayes and/ or Kathryn G. Hayes." Only one testified at trial as to the assignment.
The question raised by this assertion concerns the effect of the phrase "and/or," used in the notes. This particular misuse of the English language has been severely and quite properly criticized in times past, but that does not relieve us of the necessity of working with the term as used by the parties. Generally, however, when faced with this phrase in written instruments most courts have construed it as meaning either "and" or "or," or both. Poucher v. State, 46 Ala.App. 272, 240 So.2d 694; Hummel v. Kranz, 126 N.W.2d 786 (N. D.); Coplen v. Zimmerman, 271 S.W.2d 513 (Mo.). In an analogous case where a power of attorney was granted to two parties by the use of the term "and/or", it was held to grant joint and several authority to the designated persons to use the power of attorney. Schaffer v. City Bank Farmers Trust Co., 239 App.Div. 531, 267 N.Y.S. 551. If this question had occurred today under the provisions of the Uniform Commercial Code, C.R.S. 1963, XXX-X-XXX, there would be no question of the authority of this singular payee to assign the notes since *67 the otticial comment to that section makes clear that where the phrase "and/or" is used, then either payee or both may enforce the note as written.
Under C.R.S.1963, 95-1-41, it was sufficient for this singular payee to assign the notes to the plaintiff without the consent of the other.
We hold the phrase to mean that the designated payees had a joint and several power to enforce the payment of the notes and that assignment by one payee was a valid assignment of the entire note.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.