495 P.2d 241 (1972)
Ernest W. LOHF, as Trustee in Bankruptcy in the Estate of Sudler, Hart & Co., d/b/a Sudler & Co., Plaintiff-Appellant,
v.
George S. WARNER, Defendant-Appellee.
No. 71-205.
Colorado Court of Appeals, Div. I.
March 21, 1972.
Law, Nagel & Clark, William D. Scheid, Michael Wilfley, Denver, for plaintiff-appellant.
Jack R. Viders, Denver, for defendant-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
This is an appeal of an action by the trustee in bankruptcy for Sudler, Hart & Co., dba Sudler & Co., on a promissory note made by defendant George S. Warner, payable to "R. K. Hart and/or Sudler & Co."
Defendant moved to dismiss on the grounds that R. K. Hart was an indispensable party, under C.R.C.P. 19, and had not been joined in the action. Defendant's motion was granted by the trial court, and the trustee's complaint was dismissed without prejudice to its renewal if R. K. Hart was made a party to the action. We reverse.
R. K. Hart, as payee, is not an indispensable party in the instant action. See Denver Metro Collections, Inc. v. Kleeman, Colo.App., 491 P.2d 64. C.R.S. 1963, XXX-X-XXX (Uniform Commercial Code) states as follows:
"Instruments payable to two or more persons.An instrument payable to the order of two or more persons:
"(a) If in the alternative, is payable to any one of them and may be negotiated, discharged, or enforced by any of them who has possession of it;
"(b) If not in the alternative, is payable to all of them and may be negotiated, discharged, or enforced only by all of them."
This section is further clarified by the official comment which declares:
"If the instrument is payable to `A and/or B,' it is payable in the alternative to A, or to B, or to A and B together, and it may be negotiated, enforced or discharged accordingly."
The opinion in Denver Metro Collections, Inc. v. Kleeman, supra (decided after judgment in this action, but expressing views to which we adhere) contains a discussion of this issue.
Judgment reversed and remanded for reinstatement of the complaint and for further proceedings not inconsistent with this opinion.
DWYER and SMITH, JJ., concur.