J. D. WORTHEY, Appellant,

v.

FIRST STATE BANK, MILFORD,
Texas, Appellee.

No. 5907.

Court of Civil Appeals of Texas,
Waco.

Oct. 26, 1978.

Glenn Hausenfluck, Hausenfluck & Gandy, Fort Worth, for appellant.

Don Hancock, Milford, for appellee.

HALL, Justice.

This is an appeal from a summary judgment in favor of the payee on a promissory note.

First State Bank, Milford, Texas, brought this suit against appellant J. D. Worthey and also against J. Dale Edwards to recover on a promissory note in the principal sum of $8,000.00. The note is signed by Worthey and Edwards as "principals" on lines marked "borrower(s)," and Bank is payee. Worthey's signature precedes Edwards's on the face of the note. However, Bank alleged that Edwards was maker of the note and that Worthey "indorsed said note and agreed to guarantee payment thereof." Worthey answered Bank's suit with a general denial and a special denial that he was an indorser or guarantor on the note. He alleged that he was the original maker on the note; that he executed it to plaintiff in exchange for $8,000.00, as evidenced by the terms of the note; that he never received any money from plaintiff; and that the note has failed for want of consideration. Worthey also alleged that after he signed the note Bank altered it to show that Edwards was the principal borrower rather than he. Additionally, Worthey filed a cross action against Edwards for contribution in the event Bank recovered judgment against him.

Eventually, on Bank's motion, summary judgment was rendered in favor of Bank against both defendants jointly and severally for $8,000.00 principal on the note, plus interest and attorney's fees. Worthey's cross action against Edwards was severed from Bank's action, and Worthey brought this appeal. Edwards did not appeal.

Summary judgment is proper if the proof establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law on the issues expressly set out in the summary judgment record. Rule 166-A(c), Vernon's Tex.Rules Civ.Proc. It is settled that in determining the propriety of a summary judgment, both in the trial court and on appeal, all conflicts in the evidence are disregarded, the proof which tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the existence of a genuine issue of material fact are resolved against the movant. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.Sup.1972).

Worthey gave the following testimony by way of affidavit and answers to interrogatories explaining his execution of the note:

"I executed the note as the maker of the note and in no other capacity. I executed the note for the purpose of securing an $8,000.00 cash loan from [Bank]. I never received any money for having executed the note. If any money was advanced by [Bank] as a result of my having signed the note, it was advanced to someone other than myself and done without my authority. I did not know that the note had been delivered to [Bank] until such time as I was notified by one of [Bank's] representatives that the note was in default . . .

"It was my understanding that I was borrowing the money because J. Dale Edwards's credit would not permit him to borrow the money and the purpose of the loan was to assist Mr. Ed Phillips in purchasing controlling interest in [Bank], and in addition to the loan, I was to cause $50,000.00 to be placed in [Bank] in the form of Certificates of Deposits, which I did. The proceeds of the $8,000.00 loan were to be paid to me in the form of a cashier's check or held by the bank with the understanding that the funds would be used by Mr. Phillips in closing his deal to purchase the controlling interest of [Bank] . . . Furthermore, I was to be notified before the funds were used if held in the possession of the bank for my benefit at which time I was to receive whatever I deemed necessary to assure me that the loan would be taken care of by Mr. Phillips. Edwards was not supposed to sign the note in any capacity so

far as I knew at the time I signed the note."

 After Worthey signed the note he delivered it and a copy of his financial statement to Edwards. Under their agreement, Edwards was to deliver the note and financial statement to Bank only if Phillips's deal to purchase Bank was consummated. But without Worthey's knowledge Edwards also signed the note as maker, then delivered the note and Worthey's financial statement to Bank, and received an $8,000.00 loan for himself from Bank as consideration for the note. There was no contact between Worthey and Bank prior to Edwards's negotiation of the note, and Bank did not have notice of the dealings and agreements between Worthey and Edwards when it paid Edwards $8,000.00 for the note. Bank is owner and holder of the note, which is past due and unpaid after presentment for payment.

Under the record we must and do assume Worthey was a maker on the note rather than indorser-guarantor as pleaded by Bank. Nevertheless, Bank still is entitled to the summary judgment on the principal amount of the note. The record establishes that Bank took the note for value, in good faith, and without notice of any defenses Worthey might have to the note. Therefore Bank was a holder in due course and took the note free from Worthey's defenses. See, V.T.C.A., Bus. & C. §§ 3.302 and 3.305.

In the summary judgment Bank was allowed amounts totaling $6,666.67 as attorney's fees for prosecution of the case in the trial court, and for representation in the Court of Civil Appeals and the Supreme Court in the event of appeals by the defendants. The amounts allowed were far in excess of the amounts pleaded for by Bank. Additionally, the awards were supported by the affidavit of Bank's president that Bank had agreed to pay its attorney those amounts, and also that those amounts were "reasonable and necessary." However, there is no showing that Bank's president is an attorney or otherwise has personal knowledge of the reasonableness of legal fees. The court expressly found in the judgment that each amount allowed "would be both reasonable and necessary."

 Bank's pleadings for attorney's fees and the awards were based upon a provision in the note that in the event of default "Borrower shall also pay the amounts actually incurred by Lender as court costs, attorney's fees, and reasonable costs for repossessing, storing, [etc.]." Bank now construes that provision to mean that it is entitled to recover as "actually incurred attorney's fees," whatever amounts it agreed to pay its attorney, without regard to the reasonableness of the fees. We do not agree with that construction. The clause is a contract for payment of attorney's fees which, because of the absence of other specification in the note as to amount, are reasonable attorney's fees. 13 Tex.Jur.2d 642, Contracts, § 365. Worthey's contention that material fact issues exist as to the reasonableness of the attorney's fees awarded is sustained.

The judgment against Worthey for $8,000.00 principal on the note, plus interest, is affirmed. The judgment against him for attorney's fees is reversed. The issue of attorney's fees is severed from the remainder of the case and remanded to the trial court for determination.