Cecil C. **BOULWARE**, Appellant,

v.

**SECURITY STATE BANK OF NAVASOTA, TEXAS, et al., Appellees.**

No. A3015.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1982.

Victor F. Branch, Bettye Lambert, Branch, Beller & Lambert, Houston, for appellant.

Bruce L. James, Saccomanno, Clegg, Martin & Kipple, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment in favor of the payee on a promissory note. A jury found that appellant was obligated under the terms of the note to pay attorney's fees incurred by the appellees in their action against appellant in the state district court and in their separate action against the United States as guarantor of the promissory note in the Court of Claims. We affirm.

Security State Bank of Navasota, Texas, one of the appellees, brought this suit against appellant Cecil C. Boulware to recover the balance due in principal and interest on a promissory note in the principal sum of $250,000.00. The loan was guaranteed by the United States of America (U.S.)

through the Farmers Home Administration (F.H.A.) of the United States Department of Agriculture pursuant to the terms of the Emergency Livestock Credit Act. First International Bank in Houston,[1] the other appellee, participated in a portion of the total loan and was joined as a plaintiff in the action.

Upon Boulware's default, Security State Bank filed a Report of Loss with the F.H.A. reporting the loss and requesting that the loss be covered under the Contract of Guarantee. This claim was denied on the basis of alleged fraud. Appellees then filed a claim against the U.S. in the United States Court of Claims, pursuant to the provisions of 28 U.S.C. § 1491. Such claim is still pending.

Suit was also instituted against Boulware in the District Court of Grimes County, Texas, alleging default on the promissory note. An agreed partial summary judgment was rendered awarding the principal and interest due under the note to appellees. Thereafter, the case went to trial before a jury on the issue of attorney's fees to be recovered by appellees. The case was submitted to the jury upon two special issues. Special Issue No. 1 concerned attorney's fees for legal services rendered in pursuing the claim in the district court action. Special Issue No. 2 concerned such fees in the Court of Claims action. Both special issues were answered in favor of appellees and judgment was entered accordingly.

In his single point of error appellant contends that the trial court erred in submitting the issue on attorney's fees incurred by the appellees in their suit in the Court of Claims against the U.S. and in entering judgment for such fees. He does not challenge the judgment as to attorney's fees incurred in the district court action.

The promissory note before us provides that:

1. First International Bank in Houston was formerly known as Houston Citizens Bank & Trust.

... in the event of default in the payment of this note at maturity, Borrower shall also pay the amounts actually incurred by Lender as court costs, attorney's fees, and reasonable costs for repossessing, storing, preparing for sale and selling the collateral described herein, and Lender shall be entitled to exercise all the rights and remedies of a secured party under the Texas Uniform Commercial Code.

*Worthey v. First State Bank,* 573 S.W.2d 279 (Tex.Civ.App.—Waco 1978, no writ) involved similar language in a promissory note. There a provision that in the event of default, "Borrower shall also pay the amounts actually incurred by Lender as court costs, attorney's fees and reasonable costs," was held to be a contract for payment of reasonable attorney's fees actually incurred. In the instant case, there is no contention by appellant that the costs under consideration are not reasonable. Appellant argues only that he should not be liable for attorney's fees in a suit to which he is not a party and which arises out of the alleged fraud of the appellee. He maintains that the language of the note is limited to the suit on the note itself and that the issue in the Court of Claims action "is one of fraud and misrepresentation on the part of the Bank and not Appellant."

Appellant's promissory note and appellees' request for guarantee by the U.S. through the F.H.A. were part of a single transaction. Appellant could not have been granted the loan except for the guarantee ·by the government. The record shows that appellant submitted to the F.H.A. an Application for Guaranteed Loan (Farmer Program) on form FHA 449–6 *before* he executed the promissory note under consideration. The record also shows that in the answer of the U.S. to the claim by appellees in the Court of Claims, fraud was alleged on the part of both appellees and appellant. The answer states that, "... the loan applicant had conspired with plaintiff's president, Abe William Greenwood, to willfully and knowingly misapply monies, funds and credits of Security State Bank in the amount of $50,000." Further, the Contract of Guarantee expressly denies liability in the event of fraud, among other things.

The attorney's fees incurred in appellees' claim against the U.S. in the Court of Claims are direct consequences of appellant's failure to fulfill the obligations of his loan. But for appellant's default, these attorney's fees would have been unnecessary. *Williamson v. Tucker,* 615 S.W.2d 881, 892 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.) involved a suit on a note which provided for payment of attorney's fees incurred in collection. The court allowed attorney's fees arising from an effort to defend the maker's suit in federal court to rescind the note on the basis that those fees "were incurred as a result of efforts to collect the note." We think that this reasoning is applicable here.

Based upon reading of the promissory note, we hold that appellant is obligated by his default to pay under the terms of the note the amount actually incurred by appellees as attorney's fees in their attempt to recover the note balance left unpaid. Appellees' claim against the U.S. in the Court of Claims is such an attempt.

The judgment of the trial court is affirmed.