**PAY CENTER, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**Ferdinand MILTON, Defendant-Appellee.**

**No. 81CA0091.**

Colorado Court of Appeals,
Div. II.

July 23, 1981.

Goranson & Philibosian, P.C., David L. Goranson, Denver, for plaintiff-appellant.

Roath & Brega, P.C., Robert C. Kaufman, Denver, for defendant-appellee.

TURSI, Judge.

In a suit on a promissory note, the trial court held that plaintiff, Pay Center, Inc., was not a holder under § 4–3–301 C.R.S. 1973, since the note had not been properly negotiated through endorsement and delivery under § 4–3–202, C.R.S.1973, and therefore, directed a verdict for defendant Ferdinand Milton. Plaintiff appeals and we reverse.

This action was brought by plaintiff as assignee of a note allegedly signed by defendant as co-maker. At the conclusion of plaintiff's case and after the note, an affidavit of assignment executed by the payee of the note, and business records containing the payments made pursuant to the note were introduced into evidence, the trial court directed the verdict for defendant. The note had not been endorsed to plaintiff.

Plaintiff asserts that because it was bringing the action as a transferee and not as a holder, endorsement of the note is irrelevant and it was thus entitled to bring suit on the note in its own name. We agree.

In a case decided under the Negotiable Instruments Law, predecessor to the Uniform Commercial Code (U.C.C.), this court held that the transferee of a note assumes the same rights as the transferor even though no formal endorsement by the transferor had taken place. *Denver-Metro Collections, Inc. v. Kleeman*, 30 Colo.App. 218, 491 P.2d 64 (1971).

The language of § 4–3–201, C.R.S. 1973, does not alter the rights of the transferee in this respect. Under the U.C.C., a transferee retains the right to sue on a note but it is not aided by any presumption that it is entitled to recover and it takes the notes subject to all defenses and equities to which the notes were subject in the hands of the transferor. *Estrada v. River Oaks Bank & Trust Co.*, 550 S.W.2d 719 (Tex.Civ. App.1977). *See Blake v. Samuelson*, 34 Colo.App. 183, 524 P.2d 624 (1974).

At trial, plaintiff presented evidence to prove the making of the note, its default, and subsequent assignment to plaintiff for collection as required by the statute. It was error to hold that such proof was insufficient to establish a prima facie case.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and STERNBERG, JJ., concur.