**FINANCIAL MANAGEMENT TASK FORCE, INC., Plaintiff–Appellee and Cross–Appellant,**

v.

**Sanford ALTBERGER, Defendant–Appellant and Cross–Appellee.**

No. 89CA1535.

Colorado Court of Appeals, Div. IV.

Dec. 20, 1990.

Rehearing Denied Feb. 28, 1991.

Hopper, Kanouff, Smith, Peryam and Terry, Kevin Haight, Denver, for plaintiff-appellee and cross-appellant.

Dixon and Snow, P.C., Steven Janiszewski, Rod W. Snow, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge DAVIDSON.

In this action to recover the amount due under a promissory note, defendant, Sanford Altberger, appeals the judgment of the trial court entered in favor of plaintiff, Financial Management Task Force, Inc. Plaintiff cross-appeals the trial court's refusal to include an award of attorney fees or interest in the judgment. We affirm in part, reverse in part, and remand for further proceedings.

■ Defendant initially asserts that the trial court's findings regarding the validity of the assignment of the promissory note to plaintiff were insufficient under C.R. C.P. 52(a). We disagree.

Under C.R.C.P. 52(a), in actions tried without a jury, "the court shall find the facts specially and state separately its conclusions of law thereon...." The purpose of the requirement of specific findings of fact and conclusions of law is to give the appellate court a clear understanding of the grounds for the trial court's decision.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

*In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988).

At trial, plaintiff presented evidence to prove the making of the note, its default, and the subsequent assignment to plaintiff. Plaintiff thus established a prima facie case that it was entitled to recover on the note. *Pay Center, Inc. v. Milton*, 632 P.2d 642 (Colo.App.1981). As we are able to determine the basis of the trial court's judgment from its findings and a review of the record, we conclude there has been sufficient compliance with C.R.C.P. 52(a).

■ Defendant next contends the note had not been properly negotiated through endorsement and delivery under § 4-3-202, C.R.S. Defendant therefore argues that plaintiff was not the proper party to bring this action. We disagree.

As noted above, plaintiff established the assignment of the note at trial. Thus, the endorsement of the note was irrelevant to the issue of whether plaintiff was entitled to bring an action on the note. *Pay Center, Inc. v. Milton, supra.*

■ On cross-appeal, plaintiff contends the trial court erred in refusing to award prejudgment interest and attorney fees. We agree.

The note contained blank spaces for the insertion of the rate of interest to be applied during the term of the note and on amounts not paid when due. Since the note provided for interest without specifying the rate, plaintiff was entitled to an award of interest at the rate prescribed in §§ 5-12-101 and 5-12-102, C.R.S. (1990 Cum.Supp.). *See Farmers State Bank v. Klein*, 159 Colo. 165, 410 P.2d 632 (1966); § 4-3-118(d), C.R.S.

■ The note also provided that defendant would "pay all reasonable costs of collection, including _____ for attorney's fees." In our view, this provision must be construed as an agreement to pay a reasonable amount as attorney fees. *Bradford v. Sturman*, 86 Idaho 178, 384 P.2d 64 (1963); *Hawley v. Isaacson*, 117 Wash. 197, 200 P. 1109 (1921). *See J.D. Worthey v. First State Bank*, 573 S.W.2d 279 (Tex.Civ.App.1978).

If the person executing a preprinted form note which provides blanks for the amount of interest or attorney fees does not want to be bound to such, then he or she should either strike out the provision or insert the word "none" in the blank provided. That was not done here.

Accordingly, the portion of the judgment awarding plaintiff the amount of principal due under the promissory note is affirmed. The portion of the judgment denying plaintiff prejudgment interest and attorney fees is reversed, and the cause is remanded to the trial court for a hearing to determine attorney fees and for entry of judgment for plaintiff in accordance with the views herein expressed.

CRISWELL and MARQUEZ, JJ., concur.