968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward J. HATTEN, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the
Bank of Winter Park, Winter Park, Colorado, and as
a corporation organized under the laws
of the United States,
Defendant-Appellee.
 No. 91-1008.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Edward J. Hatten appeals the district court's summary judgment ruling in favor of the Federal Deposit Insurance Corporation (FDIC) in this deposit insurance suit arising out of an alleged agreement with the Bank of Winter Park. Hatten alleged that he orally instructed Larry Steven Chance, president of the bank, to assign a $100,000.00 certificate of deposit belonging to Hatten, or the funds therefrom, to Lakewood Realty, a real estate development company, and, in exchange, to obtain a promissory note personally guaranteed by Willard Gettle and Calvin Klancke, the principals of Lakewood Realty. Gettle was also a director of the bank.
 
 
 2
 The $100,000.00 certificate of deposit was liquidated and the funds paid over to Lakewood Realty, but no promissory note was obtained. Over one year later, Gettle and Klancke were killed in a plane crash. Hatten, learning of the deaths the following year, attempted to assert claims against the decedents' estates for the alleged debt. Because no written document evidenced indebtedness, the estates rejected the claims.
 
 
 3
 Hatten then brought suit against the FDIC, in both its receiver and corporate capacities, seeking deposit insurance compensation in the amount of $100,000.00. The FDIC moved for summary judgment; the district court granted the motion. Hatten now appeals. On appeal, Hatten raises two issues: 1) whether 12 U.S.C. § 1823(e) and the D'Oench, Duhme doctrine can be applied to bar his claim that the bank was obligated to obtain a promissory note from Gettle and Klancke, and 2) whether the bank's assignment of the funds in Hatten's CD without his written indorsement violates Colorado law.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by that court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Where there are no genuine issues of material fact, we must determine whether, viewing the record in a light favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991); Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 5
 Hatten first argues that neither the D'Oench, Duhme doctrine[1] nor its statutory counterpart, 12 U.S.C. § 1823(e), bars his suit because his claims are "deposit-based" and, therefore, do not involve "assets," as set forth in the statute and enunciated in the case law. We disagree. First, Hatten's claim that the bank failed to follow his instruction to obtain a note from Gettle and Klancke in exchange for the certificate of deposit funds need not be characterized as a "deposit-based" claim. Basically, Hatten seeks to enforce an unwritten agreement against the FDIC. Second, no specific asset need be implicated for D'Oench, Duhme to apply. See Bowen v. FDIC, 915 F.2d 1013, 1016 (5th Cir.1990). D'Oench, Duhme and § 1823(e) apply to affirmative claims against the FDIC, regardless of the underlying subject matter of the agreement. See Mainland Sav. Ass'n v. Riverfront Assocs., Ltd., 872 F.2d 955, 956 (10th Cir.) (applying D'Oench, Duhme to set-off claim), cert. denied, 493 U.S. 890 (1989); North Ark. Medical Ctr. v. Barrett, Nos. 90-2340, 90-2583, 1992 WL 75515 at * 3, * 9 (8th Cir. Apr. 17, 1992) (12 U.S.C. § 1823(e) applied to affirmative claim involving certificate of deposit).
 
 
 6
 Second, Hatten contends that, under Colorado law, the bank could not liquidate his certificate of deposit without his indorsement or other written negotiation. We agree with the district court that the statutory provisions Hatten cites, Colo.Rev.Stat. §§ 4-3-201(3), 4-3-202, do not require indorsement of the certificate of deposit under these facts. Therefore, for substantially the reasons stated in the district court's order dated September 12, 1990, we reject Hatten's claim that the bank improperly liquidated his certificate of deposit. See also Pierce v. DeZeeuw, 824 P.2d 97, 99-100 (Colo.Ct.App.1991) (transfer by assignment entitled transferee to transferor's indorsement); Financial Management Task Force, Inc. v. Altberger, 807 P.2d 1230, 1231 (Colo.Ct.App.1990) (where plaintiff established assignment, indorsement irrelevant to transferor bringing suit on note); Pay Ctr., Inc. v. Milton, 632 P.2d 642, 643 (Colo.Ct.App.1981) (transferee holds transferor's rights in note, even without formal indorsement) (citing Denver-Metro Collections, Inc. v. Kleeman, 491 P.2d 64 (Colo.Ct.App.1971)).[2]
 
 
 7
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942), the Supreme Court held that secret agreements could not be used to defeat the FDIC's suit on a note. The doctrine was later codified at 12 U.S.C. § 1823(e), and has been subsequently amended
 
 
 [2]
 In conjunction with this issue, we note also Hatten's argument that the district court's reliance on Jones v. FDIC, 748 F.2d 1400 (10th Cir.1984), for its proposition that bank records are conclusive as to the existence of a deposit is improper. While we agree with Hatten that Jones does not go so far as to preclude a challenge to bank records, see 748 F.2d at 1405, this argument is not dispositive. The district court used Jones as additional support only, and its citation to that case does not alter in any way its rejection of Hatten's challenge, based on Colorado law, to the bank's conduct. A similar argument, relying on 12 U.S.C. § 1813(l)(1), urged in Hatten's reply brief, is not properly before the court, see Jones v. Aero/Chem Corp., 921 F.2d 875, 877-78 n. 2 (9th Cir.1990), but we note it is likewise not dispositive in Hatten's favor, given our holding that D'Oench, Duhme and 12 U.S.C. § 1823(e) apply