In re the LIFE INSURANCE TRUST AGREEMENT OF JULIUS F. SEEMAN, a/k/a J. Freyhan Seeman, a/k/a Julius Freyhan Seeman, DATED APRIL 19, 1962.

Sharon Ann SEEMAN and George Seeman III, Claimants–Appellants,

v.

Edgar George GUMBINER, Personal Representative–Appellee.

No. 91CA0192.

Colorado Court of Appeals, Div. III.

Oct. 22, 1992.

As Modified on Denial of Rehearing Feb. 11, 1993.

Cortez Friedman & Coombe, P.C., Sheldon E. Friedman, Denver, for claimants-appellants.

Haines & Olsen, P.C., M. Kent Olsen, Herbert E. Tucker, Denver, for personal representative-appellee.

Opinion by Judge METZGER.

Sharon Ann Seeman and George Seeman III (Seemans) appeal the fees awarded by the probate court to Edgar George Gumbiner, co-trustee of the Julius F. Seeman Life Insurance Trust and Edward Jersin, attorney for the trust. We affirm.

The Seemans are co-trustees and sole beneficiaries of the insurance trust. Gumbiner was co-trustee of the trust and personal representative and sole beneficiary of decedent's estate. Jersin was attorney for the trust and attorney for the estate. A lawsuit alleging improper appropriation of funds from the trust to the estate was pending. Gumbiner and Jersin filed an application for fees for services rendered to the trust. The Seemans objected to allowance of any compensation, alleging that Gumbiner and Jersin had breached their

fiduciary duty and had a conflict of interest.

After a hearing, the probate court examined each fee application, entry by entry, to determine its propriety. The court allowed compensation for services rendered for the sole benefit of the trust and denied any fees connected with any ancillary litigation.

## I.

The Seemans first contend the probate court erred in failing to make specific findings concerning Gumbiner's and Jersin's conflicts of interest. They argue that these alleged conflicts were sufficient to mandate the denial of any compensation to Gumbiner and Jersin for any services provided. We disagree.

## A.

■ A trustee's conflict of interest does not necessarily mandate an automatic denial of all compensation. In *Heller v. First National Bank*, 657 P.2d 992 (Colo.App. 1982), this court held that, when a trustee is guilty of a breach of trust, it is within the discretion of the trial court to reduce or deny compensation. *See also Cagnolatti v. Guinn*, 140 Cal.App.3d 42, 189 Cal.Rptr. 151 (1983) (if the trust agreement is silent as to fees, the amount of compensation for trustee's services rests in the sound discretion of the trial court).

Here, the probate court exercised its discretion and significantly reduced the fees sought by Gumbiner. Although the court did not make specific findings concerning the conflict of interest issue, such a determination is implicit in its ruling.

■ The court awarded compensation only for "work reasonably related to furthering the interest of the trust" and which "benefitted the trust beneficiaries." This was the proper test. *In re Estate of Painter*, 671 P.2d 1331 (Colo.App.1983). By eliminating compensation for any services performed that related to estate matters, the probate court, in effect, denied fees to Gumbiner that involved a conflict of interest. *See Financial Management Task Force, Inc. v. Altberger*, 807 P.2d 1230 (Colo.App.1990).

## B.

■ The Seemans further contend that Jersin, the trust's attorney, had a conflict of interest and violated a number of disciplinary rules. Thus, they argue that Jersin should be denied all compensation for his services rendered to the trust. We disagree.

Initially, it must be noted the Seemans are not bringing an action for legal malpractice but have only asked that Jersin's fees be denied because of a conflict of interest.

We disagree with their reliance on *In re King Resources, Co.*, 20 B.R. 191 (D.Colo. 1982). In *King*, the court held that an appearance of impropriety in representing two clients with a conflict of interest may justify a denial of attorney compensation. However, the facts of that case make it clear that a conflict of interest is only one of many factors to be considered in determining the award of fees; it does not mandate a denial of all compensation. *See also Lurz v. Panek*, 172 Ill.App.3d 915, 123 Ill. Dec. 200, 527 N.E.2d 663 (1988).

As with Gumbiner's fee request, the court painstakingly evaluated each of Jersin's fee requests and eliminated compensation for any services which did not benefit the trust or its beneficiaries, the Seemans. Accordingly, any finding that a conflict of interest existed would not have necessitated a denial of all compensation.

The probate court's findings reflect the basis on which it made its award. Hence, they are sufficient and there was no error in the lack of specific findings. *See Financial Management Task Force, Inc. v. Altberger, supra*.

## II.

The Seemans next contend the evidence was insufficient to support the probate court's calculation of fees and that the court acted arbitrarily in allowing or disallowing charges. Again, we disagree.

■ The determination of the reasonableness of an award of attorney fees is a question of fact for the trial court, and it will not be disturbed on review unless it is patently erroneous and unsupported by the evidence. *People in Interest of M.S.H.,* 656 P.2d 1294 (Colo.1983). A court's finding based upon a choice between two plausible views of the weight of the evidence or upon a choice of conflicting inferences from the evidence is "not clearly erroneous." *Thiele v. State,* 30 Colo.App. 491, 495 P.2d 558 (1972).

■ Fees awarded in connection with an estate must necessarily be related to services rendered to benefit the estate. *In re Estate of Painter, supra.*

■ Here, the probate court determined that Gumbiner and Jersin had rendered valuable services to the trust. They were responsible for marshalling trust assets and handling tax matters, tasks made more difficult because of the decedent's manipulations of the trust assets. They also prepared an inventory of the trust assets and two interim accountings.

We conclude the court did not act arbitrarily. The record demonstrates that the probate court carefully considered each item in Jersin's affidavit for attorney fees and that it excised charges that were connected in any way with the probate estate or with the defense of the claims brought by the beneficiaries. This attentive review of Jersin's charges reduced the requested fees of $25,612.10 to an award of $14,868.35.

Likewise, the court reviewed each item in the billing statement submitted by Gumbiner and his assistant, Manz. Our review of the propriety of each charge is hampered because copies of these billing statements were not provided in the record on appeal. Without this documentation, we must assume that the probate court's determination of each charge was appropriate and was supported by the evidence. *Alessi v. Hogue,* 689 P.2d 649 (Colo.App.1984). We note, however, that the court reduced the fees billed by Manz from $3,666.25 to $521, thus indicating that many entries were rejected as inappropriate.

The probate court's award of compensation for work reasonably related to furthering the interest of the trust is not without support in the record, and we will not disturb it on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## III.

■ The Seemans next assert that the probate court erred in finding that Gumbiner, as the only active trustee, was entitled to make lone decisions and that the co-trustees' silence constituted consent. Thus, they argue, an award of fees was improper. The probate court made no such finding and such contention is without merit.

The Seemans rely on Restatement (Second) of Trusts § 194 (1959) which states: "If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust." A copy of the trust agreement was not included in the record on appeal; therefore, we are unable to determine whether it contains a provision allowing one trustee to act without the consent of the other co-trustees. *See Alessi v. Hogue, supra.* Furthermore, the Seemans have not specified which of Gumbiner's actions was taken without their consent.

And, the record shows that even though the Seemans were co-trustees of the trust, they voluntarily took no active part in trust administration matters, notwithstanding Gumbiner's requests that they do so.

As co-trustees, the Seemans had a fiduciary duty, both to themselves and to Gumbiner, the other co-trustee, to participate in all activities concerning the trust itself, but they did not so perform. It would be inequitable to deprive Gumbiner of compensation for services which, as determined by the probate court, directly benefitted the trust and its beneficiaries when the co-trustees themselves failed to act in accordance with their own duties.

Accordingly, under the facts here, Gumbiner should not be denied compensation

for services he provided, with or without his co-trustees' participation, which furthered the interest of the trust.

## IV.

The Seemans contend the probate court erred in failing to make findings regarding termination of the trust and Gumbiner's duty to distribute assets. We disagree.

The Seemans argue that Gumbiner committed a breach of trust by failing to distribute the trust assets and that a finding to that effect was necessary to a determination whether Gumbiner should be denied compensation. As discussed above, even if the probate court had specifically found a breach of trust in this regard, a breach does not mandate a total denial of a trustee's fees. *See Heller v. First National Bank, supra.*

Furthermore, the record shows that the trust was obligated to file tax returns for previous years; therefore, Gumbiner may have been justified in retaining some trust assets in the event they were needed to satisfy additional tax liabilities.

Findings concerning the termination of the trust and the co-trustees' duties to distribute were unnecessary to a determination whether Gumbiner was entitled to compensation for those preliminary services he performed for the benefit of the trust. Thus, we see no error by the probate court.

## V.

Finally, the Seemans contend that the probate court evidenced bias and prejudice against them and committed reversible error in denying their motion for recusal. However, since the Seemans failed to file the required affidavit for recusal, *see* C.R.C.P. 97, the issue is not properly reserved for review. *See Litinsky v. Querard,* 683 P.2d 816 (Colo.App.1984); *Jones v. Estate of Lambourn,* 159 Colo. 246, 411 P.2d 11 (1966).

Alternatively, we reject Seemans' contention on the merits. The comment of the court relied upon to establish bias simply reflects the court's concern for the failure of all of the trustees to resolve their differences amicably without resort to litigation. When viewed in the context of the entire record, it contains no indication of bias in favor of or prejudice against one party nor could it be construed as denying either side a fair and impartial hearing. *Riva Ridge Apartments v. Robert G. Fisher Co.,* 745 P.2d 1034 (Colo.App.1987).

Judgment affirmed.

SMITH and RULAND, JJ., concur.