23CA0650 Estate of Pozsonyi 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0650
City and County of Denver Probate Court No. 12PR406
Honorable Elizabeth D. Leith, Judge

In the Matter of the Estate of Erika Pozsonyi, deceased.

Mark Denison,

Appellant,

v.

Melissa R. Schwartz, Special Administrator, and Anthony Pozsonyi,

Appellees.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE GROVE
Freyre and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Mark Denison, Pro Se

Anne Whalen Gill L.L.C., Anne Whalen Gill, Castle Rock, Colorado, for
Appellee Melissa R. Schwartz

No Appearance for Appellee Anthony Pozsonyi

¶ 1     Appellant, Mark Denison, challenges the probate court's assessment of $84,617.75 in costs and fees against him and his share of the estate of Erika Pozsonyi (the decedent).  We affirm.

## I.     Background

¶ 2     When the decedent died in 2011, she was survived by Denison (her second husband) and Anthony Pozsonyi (Pozsonyi) (her first husband).  The decedent and Pozsonyi were divorced many years before her death; as part of their divorce, they signed a separation agreement that gave rise to many of the issues before us now.

¶ 3     Decedent lived in New York at the time of her death, but she owned a commercial building in Denver that represented a large portion of the value of her estate.  In her will — which was probated in New York — decedent named Denison as the executor of her estate and devised the Denver property to him.  However, the separation agreement from the decedent's first marriage provided that if her will did not name Pozsonyi as a beneficiary to specific assets, Pozsonyi would be able to submit a claim against the estate for seventy percent of its net value.  Pozsonyi submitted just such a claim after discovering that the decedent had not devised those assets to him.

1

¶ 4    After learning of Pozsonyi's claim, Denison, as the executor of the estate, conveyed the Denver property to himself as a devisee. Denison also initiated probate proceedings in New York, where he and Pozsonyi lived, as well as in Denver. A related but separate civil action was also initiated in the New York courts. In one of the New York proceedings, after Pozsonyi submitted a formal claim against the estate for seventy percent of its net value, the court ruled that Pozsonyi was entitled to that portion of the estate and established a constructive trust over the Denver property and all income derived from it. Both the New York court and the Denver probate court ordered Denison to convey the Denver property back to the estate. He did so, and a public administrator was appointed to replace Denison as the estate's representative in New York.

¶ 5    However, it was soon revealed that the Denver property faced a dilemma. Under its existing financing, a balloon payment of some $550,000 was due on December 1, 2014. The probate court appointed Melissa Schwartz, the Denver Public Administrator, as a special administrator over the Denver property; directed her to cooperate with the New York Public Administrator; and tasked her with preserving the Denver property, including negotiating any

refinancing and undertaking its ongoing management. After her appointment in December 2014, Schwartz eventually lawfully sold the Denver property in 2015.

¶ 6      The following timeline is pertinent to the issues before us in this appeal:

- In March 2017, Schwartz submitted a petition for accounting and fees covering her work as Special Administrator from December 2014 to March 2017.

- Denison filed various objections.

- In November 2019, Schwartz filed a Petition for Final Settlement to close the estate.

- Denison filed various objections.

- On October 22, 2021, the probate court issued an order titled "Findings of Fact, Conclusions of Law and Order" (the October 2021 order) in which it granted Schwartz's November 2019 Petition for Final Settlement and her March 2017 petition for accounting and fees.

- On November 4, 2021, the probate court issued an order clarifying that, in the October 2021 order, it had approved Schwartz's fees from the date of her appointment through February 26, 2020. Schwartz's approved compensation, costs, and fees for her work on behalf of the estate from December 2014 to February 26, 2020, total $96,941.07.

- Denison filed various objections.

- In September 2022 — in the request underlying this appeal — Schwartz filed a "Petition for Final Accounting

3

(Supplemental)" and a "Petition for Final Settlement." These petitions requested the probate court assess an additional $84,617.75 against Denison and his share of decedent's estate. This sum included $82,663.75 in Schwartz's costs and fees incurred from February 26, 2020, through September 20, 2022, incurred when Schwartz had to defend the amount awarded in the October 2021 order from Denison's various legal challenges. (The remaining $1,954 was the outstanding balance owed to Schwartz from the October 2021 award and encompassed some fees and costs dating back to November and December 2019.)

- Denison filed various objections, including moving to "dismiss" the Petition for Final Settlement.

- On February 1, 2023, the probate court issued an Order for Final Settlement (the February 2023 order) in which it granted Schwartz's request for fees incurred from December 2019 to August 2022 and assessed $84,617.75 against Denison and his share of decedent's estate.

- On February 27, 2023, the probate court denied Denison's motion to vacate its February 1, 2023, order and reiterated it had denied Denison's motion to dismiss in its February 1, 2023, order.

¶ 7    Denison filed a notice of appeal that encompassed both the October 2021 order and the February 2023 order. A division of this court deemed Denison's appeal of the October 2021 order untimely

4

and limited his appeal to claims related to the February 2023 order.[1]

## II.     Schwartz's Appointment and Costs

¶ 8     Denison contends the probate court erred when, in the February 2023 order, it assessed Schwartz's $84,617.75 costs and fees against his share of the estate.  Denison asserts instead that Schwartz was appointed as a special administrator under a section of the probate code that required Pozsonyi, and not the estate or Denison, to foot Schwartz's reasonable costs and fees.

### A.     Standard of Review and Applicable Law

¶ 9     We review de novo whether the probate court applied the correct legal standard.  *Freedom Colo. Info., Inc. v. El Paso Cnty. Sheriff's Dep't,* 196 P.3d 892, 897 (Colo. 2008).  We review de

---

[1] The motions division also considered, and rejected, a motion from Schwartz to dismiss Denison's entire appeal as untimely filed.  In her answer brief, Schwartz asks us to reconsider that ruling.  While we are not bound by a motions division's ruling, *Chavez v. Chavez,* 2020 COA 70, ¶ 13, we generally will not revisit a motions division's ruling on an issue unless we have serious questions about our own jurisdiction.  *FSDW, LLC v. First Nat'l Bank,* 94 P.3d 1260, 1262 (Colo. App. 2004); *see also Parker v. USAA,* 216 P.3d 7, 10 (Colo. App. 2007), *aff'd,* 200 P.3d 350 (Colo. 2009).  We have no such questions here.

novo questions of law concerning the construction and application of statutes. *In re Estate of Fritzler*, 2017 COA 4, ¶ 24. We accept the court's factual findings unless they are so clearly erroneous as not to find support in the record. *Est. of Keenan v. Colo. State Bank & Trust*, 252 P.3d 539, 546 (Colo. App. 2011).

¶ 10 In probate, a personal representative is a fiduciary tasked with settling and distributing an estate as expeditiously and efficiently as is consistent with the best interests of the estate. § 15-12-703(1), C.R.S. 2024. A court may appoint a special administrator or public administrator to act as the personal representative of an estate to aid in the administration of a contested asset. *See* §§ 15-10-201(39), 15-12-622, 15-12-614, C.R.S. 2024.

¶ 11 The probate court may formally appoint a special administrator on petition of any interested person upon finding, after notice and hearing, "that appointment is necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act." § 15-12-614(1)(b). The probate court may appoint "any proper person" as a special administrator, as long as a pending will is not the subject of the

petition for probate. § 15-12-615, C.R.S. 2024. Any application or petition for a special administrator under section 15-12-614 shall include a statement by the applicant or petitioner disclosing the basis upon which any compensation is to be charged to the estate by the fiduciary, or "shall state that the basis has not yet been determined." § 15-10-602(9), C.R.S. 2024. A formally appointed special administrator has the power of a general personal representative except as limited by such terms as the probate court may direct. § 15-12-617, C.R.S. 2024; *In re Estate of Franchs*, 722 P.2d 422, 423 (Colo. App. 1986).

¶ 12    The probate court may also appoint a public administrator to act as a fiduciary of any estate that has an asset requiring protection. § 15-12-622(1). A public administrator is a private individual appointed by a district or probate court (in Denver, the City and County of Denver Probate Court) to collect, protect, and manage the assets of certain living individuals and to administer the estates of certain decedents. *See* § 15-12-619, C.R.S. 2024. A public administrator may act as a special administrator of a decedent's estate when a creditor requests the appointment for the purpose of representing said estate against said creditor. § 15-12-

621(9), C.R.S. 2024. In these cases, a public administrator "need act only if the creditor . . . makes advance arrangements, satisfactory to the public administrator, to pay all reasonable fees and costs likely to be incurred" during special administration. *Id.* Like a special administrator, any petition for or appointment of a public administrator under section 15-12-621 shall include a statement by the applicant or petition disclosing the basis upon which any compensation is to be charged to the estate by the fiduciary or "shall state that the basis has not yet been determined." § 15-10-602(9).

¶ 13     As a fiduciary to an estate, public administrators and special administrators are entitled to reasonable compensation for services rendered on behalf of an estate, as well as costs and fees. § 15-10-601(2), C.R.S. 2024 (defining fiduciary to include a public administrator and personal representative); § 15-10-602(1), (6); § 15-12-620(3), C.R.S. 2024. However, a fiduciary's entitlement to compensation or costs shall not limit or remove a court's inherent authority, discretion, and responsibility to determine the reasonableness of compensation and costs when appropriate. § 15-10-602(4). The court considers multiple factors when determining

the reasonableness of compensation and costs. § 15-10-603(3), C.R.S. 2024.

## B. Analysis

¶ 14 As relevant to our analysis, the probate code includes two statutes that allow the appointment of a special administrator: section 15-12-621(9) and section 15-12-614(1)(b).

¶ 15 Denison asserts that Schwartz was appointed as a special administrator under section 15-12-621(9), which allows a public administrator to act as a special administrator in creditor situations, and not section 15-12-614(1)(b), which applies in cases where the court finds the appointment of a special administrator necessary to preserve the estate. The authority for Schwartz's appointment is important, Denison contends, because under section 15-12-621(9), Schwartz was not required to act as a special administrator unless Pozsonyi, as a creditor of the estate, made advance arrangements to pay her all reasonable fees and costs related to his claim. This advance arrangement of costs and fees was never done, he says, thus making Schwartz's appointment as special administrator invalid.

¶ 16     We conclude that Denison's argument is unsupported by the record.  In its original order appointing Schwartz as special administrator, the court wrote that the appointment was "necessary to preserve" the Colorado property, language that echoes section 15-12-614(1)(b).  And to the extent that the probate court did not originally make clear the authority for Schwartz's appointment as special administrator, any uncertainty was resolved in an order issued on July 10, 2017, in which the court wrote that Schwartz, the special administrator, was a "fiduciary of the [e]state pursuant to C.R.S. 15-12-614(1)(b) and 15-12-617."

¶ 17     We also reject Denison's argument that Schwartz's appointment as special administrator was invalid due to missing documentation required by section 15-10-602(9) stating the basis of her compensation.  To be sure, the probate court granted Pozsonyi's request to appoint Schwartz as the special administrator over the Denver property, and, as far as we can tell, the record does not contain a statement or disclosure outlining the basis of Schwartz's compensation.  Denison did not raise this apparent omission at the time of Schwartz's appointment as special administrator in December 2014.  Nor did he raise it on any of the five subsequent

occasions (in December 2015, June 2016, December 2016, July 2017, or July 2018) that Schwartz requested an extension of her appointment. To the contrary, Denison, through counsel, indicated that he did not object to any of these extensions.

¶ 18    Instead, Denison waited to raise this issue until Schwartz sought to close the estate for a second time, and even then devoted only two sentences of argument to it in his motion to dismiss the petition. Under these circumstances, we consider the argument waived and decline to consider it further. *Brown v. Silvern*, 141 P.3d 871, 874 (Colo. App. 2005) ("[A]rguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal.").[2]

   C.    Motion to Dismiss the Second Petition for Final Settlement

¶ 19    Denison next contends the probate court erred when it denied his motion to dismiss Schwartz's second petition for final

---

[2] Even if Denison did not waive his objection to the apparent omission of the documentation accompanying Schwartz's appointment as special administrator, we would conclude that any error was harmless. *See Meggitt v. Stross*, 2021 COA 50, ¶ 51 (holding that special administrator's failure to disclose fee amount and petitioner's admission that the fees ultimately assessed were reasonable was harmless).

settlement, which she submitted in September 2022, and which sought an additional award of $84,617.75 for costs and fees incurred while defending against Denison's previous arguments. Denison argues that the motion to dismiss should have been granted because Schwartz lost her authority to petition the court as special administrator when the probate court granted her first petition for final settlement in October 2021.

### 1.    Additional Facts

¶ 20    To recap, in the October 2021 order, the probate court approved a petition for interim accounting filed by Schwartz in 2017, as well as her first petition for a final settlement, which was filed in November 2019.  In a subsequent order that remedied several clerical errors, the court specified the amounts that it was awarding Schwartz in compensation, costs, and fees.  In sum, in the October 2021 order, the court approved a total of $96,947.07 in compensation, costs, and fees that Schwartz incurred from December 2014 through February 2020.

¶ 21    Although Schwartz described the petition that led to this award as "final," she also stated in the petition that her request for compensation, costs, and fees was "based on the assumption that

12

the closing [of the estate] will be uncontested," and noted that if the closing was contested, "additional fees and costs will be incurred." Denison did contest the closing of the estate, causing Schwartz to incur additional fees and costs.

¶ 22    Consequently, in September 2022, Schwartz submitted a supplemental petition for final accounting and a second petition for final settlement.  In it, Schwartz requested the additional costs and fees she incurred defending the initial award from Denison's legal challenges.  She requested these additional costs and fees be assessed against Denison and his share of the estate under section 15-10-605(1), C.R.S. 2024 (allowing the court to assess fees against a party whom it finds litigated in bad faith), and section 15-10-605(2) (entitling a special administrator to reasonable fees incurred when defending the estate).

¶ 23    In the February 2023 order, the probate court found Denison had been "relentless in his pursuit of all assets related to the estate of his late wife for his sole benefit," and assessed $84,617.75 against Denison and his share of the estate under section 15-10-605(1).

## 2. Standard of Review and Applicable Law

¶ 24    We review de novo whether the probate court applied the correct legal standard. *Freedom Colo. Info., Inc.*, 196 P.3d at 897. We review de novo questions of law concerning the construction and application of statutes. *Fritzler*, ¶ 24. We accept the court's factual findings unless they are so clearly erroneous as not to find support in the record. *Keenan*, 252 P.3d at 546.

¶ 25    In construing a statute, if the language is plain and its meaning clear, a statute must be applied as written. *Ryser v. Shelter Mut. Ins. Co.*, 2021 CO 11, ¶ 14.

¶ 26    A special administrator's power is governed by Title 15, Article 12 of Colorado's probate code. When a special administrator believes that the affairs of the estate have been wound up, she may close the estate in one of two ways. *Hill v. Boatright*, 890 P.2d 180, 183 (Colo. App. 1994), *aff'd in part and rev'd in part sub nom. Boatright v. Derr*, 919 P.2d 221 (Colo. 1996). As relevant here, the special administrator may "petition for an order of complete settlement of the estate," which the court may grant "on appropriate conditions," and "as circumstances require, approv[e] settlement and direct[] or approv[e] settlement and direct[] or approv[e]

14

distribution of the estate." § 15-12-1001(1), C.R.S. 2024. An order under this section closing the estate "terminates an appointment of a [special administrator]." § 15-12-610(2), C.R.S. 2024; *see also* § 15-12-618, C.R.S. 2024.

### 3.    Analysis

¶ 27    Although Schwartz sought to settle the estate and terminate her appointment in November 2019, the final settlement and distribution of the estate was delayed by Denison's unsuccessful attempts to challenge the validity of Schwartz's costs and fees. Schwartz's motion made clear that her request to completely close the estate depended on whether Denison was going to object and thereby extend the proceedings further, and her request to be discharged was contingent on her submission of "final receipts or evidence of distribution." Given this context, we understand the probate court's order granting Schwartz's first petition for final settlement to be conditional, consistent with the probate court's authority to enter such an order pursuant to section 15-12-1001(1). Because Denison continued to litigate and no "final receipts" were filed, the conditions for final settlement were not met. We therefore

perceive no error in the probate court's refusal to treat the estate as closed or discharge Schwartz from her role as special administrator.

### D. Charging the Estate for Time Spent Litigating Fees

¶ 28 Denison contends that his share of the estate cannot be charged for the fees and costs Schwartz incurred while litigating the costs and fees she claimed she was owed. We are not persuaded.

¶ 29 In the October 2021 order, the probate court granted Schwartz's request for compensation, costs, and fees incurred from December 2014 to February 2020. Denison repeatedly challenged that award, and Schwartz incurred substantial additional expenses defending it.

¶ 30 Citing *In re Estate of Painter*, 671 P.2d 1331 (Colo. App. 1983), Denison contends that "time spent litigating fees is not chargeable against the estate." The *Painter* division did reach that conclusion, but it relied on a since-repealed statute to do so. The current version of section 15-10-605(2) provides in pertinent part:

> If any person entitled to compensation under this part 6 is required to defend the reasonableness of compensation or costs in a proceeding, the court may review the fees and costs incurred by the person in defending the compensation or costs, and the fees incurred in challenging the compensation and costs,

16

> and may assess the reasonable fees and costs incurred in the proceeding as the court deems equitable.

Denison's argument that Schwartz was not entitled to recover fees incurred in defending the previous award is contrary to the plain language of section 15-10-605(2), which makes clear that the probate court had discretion to do exactly that.

### E. Timeliness of Bill of Costs and Request for Fees

¶ 31 Denison contends that Schwartz was not entitled to costs or fees because, when she filed her second petition for final settlement, she did not submit a bill of costs or motion for attorney fees in accordance with the deadline contemplated by C.R.C.P. 121, section 1-22.

¶ 32 Although the contours of this argument are not entirely clear, it appears that it depends entirely on Denison's position that the October 2021 order was final under section 15-12-1001(1). We have already rejected that argument, and additionally observe that Schwartz accompanied her second petition for final settlement with an itemized list for fees and costs. Thus, assuming without deciding that C.R.C.P. 121, section 1-22 applies to an award of fees

17

and costs under section 15-10-605(1) or (2), Schwartz's request was timely.

<h3 style="text-align:center">F.    Remaining Issues</h3>

¶ 33    Because they do not require a detailed analysis, we briefly address Denison's remaining appellate contentions.

### 1.    Jurisdiction to Assess Fees and Costs From the Estate

¶ 34    We reject Denison's contention that, because the estate's funds had been transferred to the domiciliary representative and the estate never appeared nor subjected itself to Colorado's jurisdiction, the probate court lacked subject matter jurisdiction to rule on Schwartz's request for fees. The probate court had broad jurisdiction "to determine every legal and equitable question arising in connection with" the decedent's estate. § 13-9-103(3), C.R.S. 2024. Moreover, as the court pointed out in its order granting fees and costs, "a grant or award of attorney fees and costs pursuant to [section 15-10-605] is separate from the payment of those fees." Because the order did not purport to authorize the seizure of funds held in New York, it did not exceed the probate court's jurisdiction.

### 1.    Standing

¶ 35    We likewise reject Denison's claim that Schwartz did not have standing to request fees and costs against Denison and his share of the estate.  The probate court awarded Schwartz compensation, costs and fees under sections 15-10-602 and 15-10-605.  Both statutes explicitly provide that a special administrator may recover fees from the estate.  *See* § 15-10-602(2); § 15-10-605(1), (2).  And the latter statute states that the person entitled to compensation may recover from the estate or "any party, person, or entity."  § 15-10-605(1), (2).

### 2.    Bad Faith

¶ 36    We reject Denison's contention that the probate court awarded fees against him without making a finding of bad faith.  True, the court did not explicitly use the phrase "bad faith" to describe Denison's conduct in awarding fees under section 15-10-605(1).  But the court clearly found that Denison had engaged in vexatious or otherwise improper litigation tactics.  For example, in the February 2023 order, the court found that Denison had been "relentless" in his pursuit of the estate's assets "without regard to his wife's agreements or her wishes, *or the law*."  (Emphasis added.)

That finding is consistent with the court's earlier observations in the October 2021 order that Denison had engaged in "machinations" that amounted to "attempts to obfuscate the issues and to divert the court's attention," that he had created a "din of litigation" that made it difficult to properly assess the issues before the court, and that he had "continuously obstructed all efforts to reasonably resolve this matter." These findings are more than sufficient to support an award of fees under section 15-10-605(1).

### 3. Motion to Dismiss

¶ 37 We reject, as factually incorrect, Denison's claim that the probate court failed to rule on his motion to dismiss Schwartz's second petition for final settlement prior to issuing its February 2023 order. In its February 27, 2023 order, the court wrote that "the motion to dismiss petition referenced by Mr. Denison was denied by the Order entered February 1, 2023."

### 4. Unpreserved Arguments

¶ 38 Finally, Denison contends that the court erred by failing to consider the size of the estate as a factor when determining the reasonableness of Scwartz's compensation, costs, and fees. He also

contends that the October 2021 and February 2023 orders should be reversed due to judicial bias.

¶ 39     Neither of these issues is preserved.  While Denison did mention the size of the estate in the probate court proceedings, the only time that he raised such arguments was in response to Schwartz's first petition for final settlement and were therefore resolved by the October 2021 order (which is not before us on appeal).

¶ 40     Regarding Denison's claim of judicial bias, we note that Denison did not raise this issue in the probate court by seeking relief under C.R.C.P. 97.  Generally, the failure to file a motion compliant with C.R.C.P. 97 precludes appellate review.  *See Jones v. Lambourn's Est.*, 411 P.2d 11, 14 (Colo. 1966); *In re Life Ins. Trust Agreement of Seeman*, 841 P.2d 403, 407 (Colo. App. 1992).

¶ 41     To the extent that Denison asserts actual bias on the part of the probate judge, that is an issue that may be raised for the first time on appeal.  *See Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 52. But Denison focuses his complaints about the trial judge primarily on the probate judge's "errant findings," along with a few remarks made to Denison's attorneys at various points in the case.

21

¶ 42     It is well established that adverse legal rulings, standing alone, do not constitute grounds for claiming prejudice or bias. *In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007); *People in Interest of S.G.*, 91 P.3d 443, 447 (Colo. App. 2004) (a judge's ruling on a legal issue or opinions formed against a party are not bases for disqualification). Likewise, even if the judge's statements "reflect[ed] an ill disposition" toward Denison or his attorneys, *Black v. Black*, 2020 COA 64M, ¶ 126, we see nothing suggesting that the views expressed in the statements that Denison identifies on appeal lacked record support. *See id.*; *see also Watson v. Cal-Three, LLC*, 254 P.3d 1189, 1192 (Colo. App. 2011) ("[A] judge is not recusable for bias or prejudice that is based on the facts and circumstances of the case, even where, upon completion of the evidence, the court is exceedingly ill disposed toward a party.").

## III.   Attorney Fees

¶ 43     Schwartz requests an award of appellate attorney fees under section 15-10-605 and section 13-17-101, C.R.S. 2024. However, Schwartz does little more than cite these two provisions, does not cite C.A.R. 39.1 as a basis for her request, and does not develop any

22

substantive argument as to why a fee award is warranted under either statute.  We therefore decline to award fees.

## IV.  Disposition

¶ 44    We affirm the February 2023 order.

JUDGE FREYRE and JUDGE LUM concur.