24CA0534 Matter of Marilyn G Hoye Trust 07-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0534
Boulder County District Court No. 23PR30570
Honorable Stephen J. Schapanski, Judge

In the Matter of Marilyn G. Hoye Trust, Settlor,

Timothy Hoye,

Appellant,

v.

Carolyn Enichen and Thomas Hoye,

Appellees.

ORDER AFFIRMED

Division I
Opinion by JUDGE GRAHAM*
Kuhn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 17, 2025

Timothy Hoye, Pro Se

The Law Office of Care Enichen, LLC, Care Enichen, Boulder, Colorado, for Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this probate case, respondent, Timothy Hoye, appeals the trial court's order modifying the final settlement of the Marilyn G. Hoye Family Trust (the Trust), as proposed by petitioners, Carolyn "Care" Enichen and Thomas Hoye, cotrustees of the Trust. We affirm.

## I.     Background

¶ 2     The decedent's four children — Care, Thomas, Leslie, and Timothy[1] — are equal beneficiaries of the Trust. Upon the decedent's death, Care and Thomas became cotrustees.

¶ 3     After liquidating the Trust's assets, which primarily consisted of a house in Boulder, a beach cottage in Michigan, and a Charles Schwab investment account, the cotrustees made several expenditures from the Trust and distributed the remaining funds to the four beneficiaries. Timothy received approximately $80,000 less than what he otherwise would have received. He was assessed various deductions for living in the beach cottage after the decedent's death, which reduced the amount of his distribution by

---

[1] We refer to the decedent's children by their first names because two of them share the same initials. We mean no disrespect in doing so.

$60,344.30. The cotrustees further withheld $20,000 in anticipated legal fees from his distribution.

¶ 4 The cotrustees filed a petition to terminate and approve the final settlement of the Trust. In support of their petition, they submitted a final accounting listing the Trust's assets, expenditures made after the decedent's death, and distributions to the beneficiaries.

¶ 5 Timothy objected to the cotrustees' petition. Among other things, he argued that the final accounting did not account for all of the decedent's assets. He also requested to be reimbursed the $60,344.30 in assessed deductions and $20,000 in withheld legal fees.

¶ 6 After a two-day hearing, the trial court issued an order modifying the final settlement of the Trust by increasing Timothy's distribution by $29,256.41. The court reasoned that several of the deductions from Timothy's distribution were unreasonable, and it ordered the other beneficiaries to reimburse him this amount. The court otherwise approved of the final settlement, however, including the assessment of $20,000 in legal fees against Timothy's distributive share of the Trust.

¶ 7    Once the beneficiaries reimbursed Timothy, the court issued a decree of final discharge and terminated the Trust.

## II.    Discussion

¶ 8    Timothy contends that the court erred by (1) approving the final accounting that listed the Trust's assets[2] and (2) assessing $20,000 in legal fees against his distributive share of the Trust.  We reject his contentions.[3]

## A.    Final Accounting

¶ 9    Timothy first contends that the court clearly erred by finding that the final accounting sufficiently accounted for the Trust's assets.  We disagree.

### 1.    Standard of Review

¶ 10    We review a trial court's factual findings for clear error.  *In re Estate of Schumacher*, 253 P.3d 1280, 1282 (Colo. App. 2011).  "A

---

[2] We have recognized and conflated both of Timothy's contentions on this issue.

[3] To the extent Timothy contends that the trial judge demonstrated bias against him, we decline to address his argument because it is undeveloped.  *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 57, ¶ 18 (Appellate courts do not address "arguments presented . . . in a conclusory manner that are lacking citations to any supporting authority."), *aff'd*, 2018 CO 39.

court's factual finding is clearly erroneous if there is no support for it in the record." *In re Marriage of Young*, 2021 COA 96, ¶ 8.

## 2. Analysis

¶ 11 Timothy asserts that the final settlement of the Trust failed to account for a reverse mortgage on the Boulder house and the original Charles Schwab investment account. It appears the final settlement accounted for these assets, however. The final accounting submitted by the cotrustees identified $45,133.49 in proceeds from the sale of the Boulder house and a balance of $118,111.31 in the Charles Schwab investment account. Indeed, the trial court identified the Boulder house and Charles Schwab investment account as two of three primary assets of the Trust.

¶ 12 Timothy's arguments to the contrary are unsupported by the record before us. He asserts that the reverse mortgage on the Boulder house had an equity balance of $120,000 but provides no evidence to support his assertion. *See LePage v. People*, 2014 CO 13, ¶ 15 ("[A]ppellate courts presume that the trial judge did not commit error absent affirmative evidence otherwise."). Additionally, while he asserts that the Charles Schwab investment account listed in the final accounting was not the original account, he

acknowledges that the original had merged with the newer account, which the cotrustees had opened to facilitate the handling of the Trust.

¶ 13     Further, because Timothy failed to include transcripts of the hearing in the appellate record, we must assume that the evidence presented at the hearing supports the trial court's conclusion that the final accounting accurately depicted the values of the Boulder house sale proceeds and Charles Schwab investment account balance.  *See Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo. 1994) ("It is incumbent upon the moving party to designate all those portions of the record necessary for the appeal.  An appellate court must presume that the trial court's findings and conclusions are supported by the evidence when the appellant has failed to provide a complete record.") (citation omitted); *In re Marriage of Dean*, 2017 COA 51, ¶ 13 ("If an appellant argues 'that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.'" (quoting C.A.R. 10(b))).

¶ 14     Timothy also asserts that the final settlement failed to account for much of the decedent's tangible personal property — namely,

numerous antiques allegedly discovered in the Boulder house. The court found, however, that "there was no evidence presented of any other significant assets of the trust. To the extent there may have been some personal property it was minimal and any disposition of [the] same was appropriate and require[d] no further accounting." And Timothy provides no pictures, receipts, affidavits, or any other evidence showing the property's existence or value. Although he claims to have testified about the antiques before the trial court, again, he failed to include transcripts in the record on appeal. We reject his assertion that "[y]ou don't need a [t]ranscript to understand that this assertion is true." *See Hock,* 876 P.2d at 1252; *Dean,* ¶ 13.

¶ 15      In sum, because the record contains no evidence to support Timothy's arguments that the final settlement failed to account for the reverse mortgage, the Charles Schwab investment account, and the decedent's tangible personal property, we conclude that the court did not clearly err by finding that the final settlement properly accounted for the Trust's assets.

## B. The Trial Court's Assessment of Legal Fees

¶ 16   Next, Timothy contends that the trial court abused its discretion by assessing $20,000 in legal fees against his distributive share of the Trust. We conclude that the court did not abuse its discretion.

### 1. Applicable Law and Standard of Review

¶ 17   Generally, attorney fees cannot be recovered absent an express statute, court rule, or private contract providing for them. *Hawes v. Colo. Div. of Ins.*, 65 P.3d 1008, 1015 (Colo. 2003). As relevant in this case, however, attorney fees may be awarded under sections 13-17-102 and 15-10-605, C.R.S. 2024. The first statute allows the trial court to assess attorney fees against a pro se litigant if it finds that the litigant "clearly knew or reasonably should have known that [his] action or defense, or any part [thereof], was substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(6). The second allows the court to award attorney fees and costs to a party responding to probate proceedings "brought, defended, or filed in bad faith." § 15-10-605(1).

¶ 18    We review a court's decision to award attorney fees for an abuse of discretion. *Lyons v. Teamsters Loc. Union No. 961*, 903 P.2d 1214, 1221 (Colo. App. 1995); *see* § 13-17-103(1), C.R.S. 2024. A court abuses its discretion if its order is manifestly arbitrary, unreasonable, or unfair or if its order is based on a misapplication or misunderstanding of the law. *Credit Serv. Co. v. Skivington*, 2020 COA 60M, ¶ 24. "If a trial court's award of attorney fees is supported by the evidence, it will not be disturbed on review." *Lyons*, 903 P.2d at 1221 (citing *Weber v. Wallace*, 789 P.2d 427, 429 (Colo. App. 1989)).

## 2.    Analysis

¶ 19    The trial court denied Timothy's request for reimbursement of the $20,000 in withheld legal fees, reasoning that the cotrustees had already exhausted $20,000 in litigation expenses by the time of the hearing and that Timothy should be responsible for paying those fees.

¶ 20    Timothy argues that the court's ruling was improper because he litigated this case pro se. Under section 13-17-102(6), however, the court may assess attorney fees against a pro se litigant if it finds that the litigant "clearly knew or reasonably should have

known that [his] action or defense, or any part [thereof], was substantially frivolous, substantially groundless, or substantially vexatious." Additionally, section 15-10-605(1) allows the court to assess attorney fees in probate proceedings "brought, defended, or filed in bad faith."

¶ 21 We acknowledge that the court did not explicitly find, at least in its final written order, that Timothy knew or reasonably should have known that his claims were substantially frivolous, groundless, or vexatious, or that he acted in bad faith.[4] Based on the court's findings, however, it appears the court's decision to award fees comports with these statutes. The court found that the cotrustees had incurred at least $30,000 in legal fees as a direct result of Timothy's "inappropriate response and actions when he was presented with the proposed Final Settlement, which then necessitated the filing of the Petition, as well as his unsubstantiated . . . positions taken in this action." It further

---

[4] In its final order, the court noted that it had "made extensive and detailed oral findings of fact and conclusions of law on the record, which are incorporated herein as if set forth verbatim." Because Timothy did not order a transcript of the hearing, we cannot assess whether the court made additional findings on this topic at the hearing.

found that while Timothy had "prevailed on a portion of his claims, they were less than half of what he objected to."  *See* § 13-17-103(e), (g) ("In determining whether to assess attorney fees" against an offending party, the court shall consider "[w]hether or not the action was prosecuted or defended, in whole or in part, in bad faith" and "[t]he extent to which the party prevailed with respect to the amount of and number of claims in controversy.").

¶ 22    Thus, the record supports a conclusion that Timothy acted in bad faith, making the assessment of attorney fees against his distributive share of the Trust warranted under sections 13-17-102(6) and 15-10-605(1).  *See In re Estate of Leslie*, 886 P.2d 284, 286-88 (Colo. App. 1994) (affirming the trial court's assessment of attorney fees against a party's distributive share of the estate because, "by inference, the trial court . . . implicitly f[ound] that his numerous actions ha[d] been frivolous," thereby warranting a fees award under section 13-17-102); *see also Bockar v. Patterson*, 899 P.2d 233, 235 (Colo. App. 1994) (arbitrary, vexatious, abusive, or stubbornly litigious conduct or a claim brought or maintained in bad faith by a pro se litigant may warrant an award of attorney fees

under section 13-17-102(6) even though the action itself is not frivolous or groundless).

¶ 23    From our review of the record, we cannot say that the court's decision to assess attorney fees against Timothy is unsupported by the evidence or an abuse of its discretion.  The cotrustees submitted exhibits pertaining to Timothy's holdover occupancy of the Michigan beach cottage, including eviction notices and Timothy's alleged lease agreement he had relied upon to continue occupying the cottage.  The trial court deemed the lease invalid and found that Timothy had wrongfully possessed the property.  The cotrustees assert that a substantial portion of their litigation expenses resulted from Timothy's actions in this regard, and they presented supporting evidence showing the breakdown of litigation expenses incurred by the law firm that represented them in the trial court proceedings.  Therefore, we will not disturb the court's decision to assess attorney fees.  *See Lyons*, 903 P.2d at 1221.  Moreover, in the absence of a record transcript we must assume that the missing portions of the record support the court's decision.  *See Hock*, 876 P.2d at 1252; *Dean*, ¶ 13; *see also People v. Wells*, 776 P.2d 386, 390 (Colo. 1989) (an appellate court cannot conclude

11

that a district court's judgment is erroneous when the record is insufficient).

## III.   Appellate Attorney Fees

¶ 24    The cotrustees request an award of attorney fees incurred on appeal under C.A.R. 38(b). We deny their request because, while we disagree with Timothy's contentions, we are not persuaded that his appeal is so lacking in substance as to be frivolous. *See In re Estate of Shimizu*, 2016 COA 163, ¶ 34. Additionally, the cotrustees are represented on appeal by none other than Care herself. While we recognize that a court may award attorney fees to a pro se attorney, *see Wimmershoff v. Finger*, 74 P.3d 529, 530-31 (Colo. App. 2003), we question the propriety of such an award when, as here, the pro se attorney has a clear conflict of interest. As a cotrustee, Care must act in the best interests of Timothy and herself because they are both beneficiaries of the Trust and the final settlement, about which they heavily disagree. This disagreement forms the basis of this appeal that Care requests an award of

attorney fees for defending.[5]  *See In re Life Ins. Tr. Agreement of Julius F. Seeman, Dated Apr. 19, 1962*, 841 P.2d 403, 405 (Colo. App. 1992) (affirming the trial court's denial of attorney fees for services a cotrustee performed related to estate matters because of the cotrustee's conflict of interest); *see also People v. Cozier*, 74 P.3d 531, 534 (Colo. O.P.D.J. 2003) (highlighting the ethical considerations and potential conflicts of interest created by an attorney's dual service as a fiduciary of an estate and representative of the heirs to that estate in their individual capacities).

¶ 25    Timothy also requests an award of legal fees incurred on appeal, but he does not specify the legal basis for his request, and he made his request for the first time in his reply brief. Accordingly, we deny his request.  *See* C.A.R. 39.1 ("[T]he principal brief of the party claiming attorney fees must include a specific request . . . and must explain the legal and factual basis for an award of attorney fees."); *Dean*, ¶ 31 (appellate courts do not consider arguments made for the first time in a reply brief).

_____

[5] The trial court's award of attorney fees does not appear to pose the same conflict of interest with respect to Care and Timothy because the cotrustees were represented by outside counsel in the proceedings below.

## IV. Disposition

The order is affirmed.

JUDGE KUHN and JUDGE MOULTRIE concur.